### IRVIN, administrator, *v.* PORTERFIELD *et al.*

1. In a devise to children as a class, by way of remainder, children in esse at the death of the testator take vested interests. This rule applies to an executory devise as well as to a remainder. In case of an executory devise the class is fixed by the conditions that existed at the death of the testator, and the interests of any that might die before the period of distribution vest in their heirs.

.2. Following the ruling in *Phillips* v. *Ry. Co.*, 112 *Ga.* 197, alleged defects in a petition can not be considered under an assignment of error that "the court erred in directing a verdict for plaintiffs for the recovery of land."

Submitted July 18,—Decided November 13, 1906.

Complaint for land. Before Judge Holden. Wilkes superior court. November 7, 1905.

Porterfield and others brought an action against Charles E. Irvin, as administrator of Barnett Irvin, to recover possession of a tract of land. The petition alleged that Seaborn Callaway died leaving a widow and seven children surviving him; that the land in controversy was set apart to the widow as dower; and that the plaintiffs were the children of two of the children of Seaborn Callaway, who died after the death of their father, but before the death of their mother. It was alleged that whether the widow be considered as dowress or as devisee under the will of Seaborn Callaway,

she was entitled to a life-estate in the land, with remainder to the children of Seaborn Callaway. The prayer was for the recovery of their several interests as set forth in the petition, and mesne profits. The abstract of title attached to the petition simply referred to the will of Seaborn Callaway. The defendant filed an answer, in which he denied that any dower was legally set apart, admitted the averments as to the relationship of the plaintiffs to Seaborn Callaway, and set up title to the land under a series of conveyances originating with a deed executed February 5, 1867, from S. B. Callaway, the executor of Seaborn Callaway, to Samuel Barnett, and also pleaded title by prescription. The plaintiff, by amendment, attacked the title set up by the defendant, upon the ground that the decree upon which the deed of the executor was based was void, for the reason that it was rendered in vacation, and all parties at interest did not consent thereto. At the trial it was admitted, that Seaborn Callaway died in 1861, owning 791 acres of land; that his widow, who afterwards intermarried with Bryant, had her dower set apart in the land in controversy; that the widow died December 2, 1898; that Seaborn Callaway left surviving him his widow and seven children; and that the plaintiffs are the children and heirs at law of two of these seven children who died before the commencement of the present suit. The third item of the will of Seaborn Callaway, which was in evidence, was as follows: "At the death of my wife I wish my property equally divided between my children." The defendant offered in evidence a transcript, from the minutes of Wilkes superior court, of the proceedings in vacation before the judge of the superior court, in which the executor represented to the judge that it was impossible to carry out the will of Seaborn Callaway, and that all persons interested in the estate who were of full age consented that a decree might be rendered in the case, and it was asked that guardians ad litem be appointed for the minors. A guardian ad litem was appointed for the minors interested, and a consent that a decree might be rendered in vacation was signed by the guardian ad litem, and by all the heirs except Martha L. Callaway. The consent was signed by her husband, Spratling. A decree was entered, authorizing the executor to sell all the land of the estate except such as might be set apart as dower. It was admitted, when this document was offered in evidence, that Spratling had never, before or

since the date of the proceeding, reduced the interest of his wife in the estate to his possession, and that the plaintiffs had never received any of the money arising from the sale made by the executor, and that neither the plaintiffs nor their ancestor were present at the sale. The defendant also offered in evidence the deed from S. B. Callaway, as executor of Seaborn Callaway, to Samuel Barnett, to the reversionary interest in 311 acres of land, set apart as dower, this being the land in dispute. All of this evidence was rejected. There was no controversy as to the amount that should be recovered as mesne profits in the event the plaintiffs were entitled to recover an interest in the land. The court directed a verdict for the plaintiffs, and judgment was entered thereon. The assignments of error in the bill of exceptions are in substance as follows: (1) The court erred in rejecting the evidence of the decree above referred to; this was error because the executor had the legal authority to sell and convey the reversionary interest in the dower. (2) The court erred in rejecting the deed of the executor; this was error because the deed showed that the entire title to the land sued for passed under it to Samuel Barnett. (3) "The court erred in directing a verdict for plaintiffs for the recovery of the land." There was no motion for a new trial, and the case comes up by direct bill of exceptions, containing the assignments of error above referred to.

*William Wynne, F. H. Colley, S. H. Hardeman,* and *I. T. Irvin Jr.,* for plaintiff in error, cited: Civil Code, §3319; *Ga. R.* 119/29; 60/314; 65/571; 34/6; 18/56; 122/183; 80/673; 67/546; 112/197, 691; 113/495, 499; 2 Wms. Exrs. (6th Am. ed.) t. p. 1334-5, 1340; 30 A. & E. Enc. L. 773, 779.

*Samuel H. Sibley,* contra, cited: *Ga. R.* 123/344, 124; 114/749; 113/83; 112/692; 83/81; 26/515; 112/197.

Совв, P. J. (After stating the foregoing facts.) The questions raised by the rejection of the decree and the deed of the executor are settled by the decision in *Callaway* v. *Irvin,* 123 *Ga.* 344 (2 and 3). Counsel for plaintiff in error appear to concede that this and other questions are settled in the case cited, and do not argue them in their brief. It is insisted, however, that the direction of the verdict was erroneous for the reason that under the undisputed facts the plaintiffs were not entitled to recover. It is said that under the item of the will of Seaborn Callaway above

quoted, which is the only portion of the will appearing in the record, the plaintiffs, being the grandchildren of Seaborn Callaway, whose parents died before the widow and life-tenant died, can not recover. It is contended, that, properly construed, this item of the will contains a devise to a class, consisting of the children of Seaborn Callaway; and this class is to be ascertained, not at the death of the testator, but at the death of the life-tenant. It appears, from the evidence and admissions, that Seaborn Callaway died in 1861, and that he left surviving him a widow and seven children, and that his widow died on December 14, 1898; that Eugenia, mother of some of the plaintiffs, died in 1873, and that Jacob, father of the other plaintiffs died on July 9, 1898. Each of their children died intestate.

As a general rule, when there is a devise to a class the members of the class are to be ascertained upon the death of the testator, as the will takes effect on that date. In a devise to children as a class by way of remainder, children in esse at the death of the testator take vested interests. This rule applies to an executory devise, as well as to a remainder. The will under consideration was executed prior to the adoption of the code, and the testator died before that time. Even if the gift would have failed under the rule of the common law, as a remainder, for the want of a particular estate to support it, it was still good at common law as an executory devise. Pritchard on Wills, §173; Page on Wills, §578. The devise was to a class of children of the testator. This class was fixed by the conditions that existed at the death of the testator. And the interest of any that might die before the period of distribution passed to their heirs. 30 Am. & Eng. Ency. L. (2d ed.) 719-721.

2. It is insisted that the direction of the verdict was erroneous for the reason that there was no allegation in the petition that there was no administration on the estate of the ancestors of the plaintiffs, or that the administrator had consented to the bringing of the suit, or that the executor had assented to the devise, and that there was no evidence on any of these points. In *Greenfield* v. *McIntyre,* 112 *Ga.* 691, it appears from the original record that there was an amendment to the petition, alleging no administration; and a nonsuit was granted in that case on the ground that the allegation was not sustained by the proof. In *Crummey* v.

*Bentley,* 1, ⅟ *Ga.* 746(3), it was held that in a suit by heirs to recover land, the failure to make the proper allegation with respect to the subject of administration could be properly presented at the trial by a request to charge. It is contended by counsel for defendant in error that the proper method of raising this question is either by special demurrer or plea in abatement, and he asks that the decision last cited be reviewed so far as it conflicts with this view. Under the view we are constrained to take in the present case, it is unnecessary to question the soundness of the decision last cited. There is no special assignment of error raising in terms the question as to the defect in the petition resulting from a failure to allege want of administration, or want of assent to the devise. There is an assignment of error that "the court erred in directing a verdict for plaintiffs for the recovery of the land." It is sought to raise this question under this assignment of error. In *Phillips* v. *Ry. Co.,* 112 *Ga.* 197, it was held that a bill of exceptions which recited that the judge directed a verdict for the defendant, and that "plaintiff excepted to said ruling of the court, and now excepts and assigns the same as error," raised only the question as to whether the evidence offered supported the allegations of the petition, and did not raise the question as to whether the plaintiff was as matter of law entitled to recovery; that is, that, under such an assignment of error it was for this court simply to ascertain whether the averments in the petition, without reference to their legal effect, were supported by the evidence, applying the rule in reference to nonsuits to the direction of a verdict. This decision was concurred in by six Justices, has never been overruled, and it is controlling in the present case. The soundness of this decision was questioned by the writer in *Kelly* v. *Strouse,* 116 *Ga.* 874 (10 *c*), 897. The writer is still inclined to the view there presented, but the decision has never been overruled, and must be followed.          *Judgment affirmed.    All the Justices concur.*