POWELL *et al. v.* McKINNEY, adminstrator, *et al.*

1. " As a general rule, when there is a devise to a class the members of the class are to be ascertained upon the death of the testator, as the will takes effect on that date." The devise in the present instance was to a class of children of the life-tenant. The father of the plaintiffs was in life at the death of the testatrix, when the will became operative, but died prior to the period of distribution. At his death his interest passed to his heirs. Applying these principles, it follows that the petition was not subject to the ground of demurrer that the plaintiffs had no interest in the estate, because, their father having died before the period of distribution, his interest was divested.

2. The heirs of the decedent, who had no knowledge that the application for letters of adminstration was pending, were proper parties to institute and maintain an equitable proceeding to set aside and vacate the judgment appointing the administrator.

3. The petition was not subject to demurrer on the ground that it was barred by the statute of limitations. It does not affirmatively appear on the face of the petition that the cause of action is barred by the statute of limitations, and therefore the petition is not subject to demurrer on that ground, but such defense is a matter for plea.

4. The petition is not subject to demurrer on the ground that there is a misjoinder of parties, nor is it subject to demurrer on the ground that there is a misjoinder of causes of action.

5. The petition was not subject to demurrer on the ground that the action is prematurely brought, because it affirmatively appears from the petition that there are no tangible assets of any kind in existence calling for the functions of an administrator de bonis non on the estate of Chapman Powell, deceased.

6. The petition is not subject to demurrer on the ground that, the petition showing that there was an administrator on the estate of H. Chapman Powell, the right to the custody and possession of any property, interests, or assets of such estate was in such legal representative, and petitioners were not entitled to proceed against the executor of the estate of Mrs. M. A. J. Powell.

7. The petition set out a cause of action entitling the plaintiffs to equitable relief, for which they had no adequate remedy at law. The court erred in sustaining the general demurrer and in dismissing the petition.

No. 2360. AUGUST 11, 1921.

Equitable petition. Before Judge George L. Bell. Fulton superior court. November 22, 1920.

Mrs. Mary J. Rucker bequeathed to her sister, Martha A. J. Powell, twenty thousand dollars " during her natural life, she to enjoy the income from the same," with the further direction that " at her death said amount, with accumulations, if any, to be equally divided between her children." Mrs. Powell, the life-tenant, died in June, 1917, subsequently to the death of Mrs. Rucker. She had had four children. Three of them survived her. The fourth child, H. Chapman Powell, survived the testatrix, but predeceased his mother, leaving two children, the plaintiffs in error. H. Chapman Powell

had been divorced from his wife, the latter having married again and removed with their two children to the State of Virginia. At a time when the two children of H. Chapman Powell were still mi-- nors, without notice to them and without their knowledge or consent, Frank A. Powell procured from the court of ordinary of Hall County letters of administration on the estate of H. Chapman Powell, and later an order authorizing the sale of a 5/73 interest in certain described property in Fulton County, Georgia, under an application reciting: " Mrs. Mary J. Rucker left a- will devising twenty thousand dollars lifetime estate to Mrs. Martha A. J. Powell, Mrs. Martha A. J. Powell to receive the income from said property during her life, and, at her death, each of her children to receive five thousand dollars interest in said investment, with the increments thereof. H. Chapman Powell was a son of Mrs. Martha A. J. Powell, and said interest is invested in the property herein described." The interest of the estate of H. Chapman Powell in the property was appraised to be of the value of $3500.00, and on the sale was bought by Mrs. M. A. J. Powell, the mother of the deceased, H. Chapman Powell, and of his administrator, for the sum of five hundred dollars, which amount was credited on an indebtedness which she claimed was due to her.

H. Chapman Powell and Travis Leigh Powell (the latter being a minor and suing through his mother as next friend)', the two children of H. Chapman Powell, the deceased son of Mrs. M. A. J. Powell, filed a petition against McKinney, administrator with the will annexed of Mrs. Rucker, Frank A. Powell individually and as administrator de bonis non of the estate of H. Chapman Powell, deceased, and John M. Hulsey as executor of the estate of Mrs. Powell.

In addition to the facts above set forth the petition alleges that a one-fourth remainder interest in the bequest above mentioned became vested in the father of petitioners, H. Chapman Powell, and that the same passed and descended to them as his sole heirs at law; also that they are entitled to share as residuary legatees in the distribution of the estate of Mrs. Rucker, and that the value of their interest in said estate amounts to eight thousand dollars; that the application for letters of administration on the estate of their father, made by Frank A. Powell above referred to, was fraudulently made for the purpose of divesting petitioners of their interest in the bequest under the will of Mrs. Rucker; that the same was void, because

it recited that the applicant was the next of kin (brother) of the deceased, when the applicant knew that petitioners, the children of the deceased, were the next of kin and were in life; because said application did not show the consent of the other brothers and sisters of the deceased; because petitioners were at the time minors, and no notice was given to them of said application; that the sale of said property was fraudulent and void, because it was in effect a sale of a one-third interest in the property by the administrator to himself; that nothing was paid by Mrs. M. A. J. Powell for the interest of H. Chapman Powell in said property; that she was at the time a very old and infirm person, dominated by her son, Frank A. Powell, and later executed her will devising all her property to her three children, including Frank A. Powell; that said sale was void, because the land was misdescribed, in that it was not located in a block bounded by Broad Street; that said sale was void, because there was no title in the said H. Chapman Powell to the real estate mentioned, the same being in the representative of the estate of Mrs. Mary J. Rucker; that the said legacy was not invested in said property, had never been assented to by the administrator of her estate, and had never been set apart; that petitioners did not know of the above-mentioned sale until about the time of the filing of a certain petition by the administrator upon Mrs. Rucker's estate, seeking construction and direction; that petitioners filed pleadings in said matter, setting up their relationship to H. Chapman Powell; that their addresses were known to or could have been ascertained by Frank A. Powell; that in spite of these facts Frank A. Powell filed in the court of ordinary of Hall County an application for letters of administration de bonis non upon the estate of H. Chapman Powell, making in said application the following averment: " H. Chapman Powell, resident of said county, departed this life on the 20th day of January, 1915, leaving your petitioner as one of his next of kin, and also leaving possibly an estate of real and personal property, worth the sum of not known at this time; and petitioner has administered on said estate, but there is a possible part thereof not administered, and there is an indebtedness against said estate, and at the time of his death the said H. Chapman Powell was entirely intestate, as your petitioner believes and herein alleges." Petitioners allege that this application was likewise fraudulent and void, because Frank A. Powell knew at the time it was made that he was

not one of the next of kin of H. Chapman Powell; because it did not set forth the existence of any estate to be administered upon, but only a possibility of such, and that a possibility cannot be administered upon; because it undertakes to set up an indebtedness against said estate without showing to whom the indebtedness was due and without showing that Frank A. Powell was a creditor. The petition recites that Frank A. Powell and others have filed against McKinney, administrator with the will annexed of Mrs. Rucker, a petition for settlement, and that the same would shortly thereafter be heard. It also alleges that Hulsey, as administrator of the estate of Mrs. M. A. J. Powell, is claiming for that estate the interest in the estate of Mrs. Rucker, to which petitioners, as the sole heirs of H. Chapman Powell, are entitled.

The prayers are that the petition for settlement of the estate of Mrs. Rucker, above referred to, and distribution of the estate, particularly the portion vested in H. Chapman Powell, be stayed by injunction; that McKinney, as administrator of Mrs. Rucker, be enjoined from paying over to Hulsey, as executor of Mrs. Powell, or to Frank A. Powell, individually or as administrator de bonis non of H. Chapman Powell, any portion of the Rucker estate to which petitioners lay claim; that the appointments of Frank A. Powell as administrator and as administrator de bonis non on the estate of H. Chapman Powell, issued by the court of ordinary of Hall County, Georgia, be declared void; that the application made by Frank A. Powell as administrator, for leave to sell the interest of H. Chapman Powell in the land above referred to, and the deed made by him to Mrs. M. A. J. Powell, be declared null and void; that the executor of Mrs. M. A. J. Powell, and Frank A. Powell as administrator of the estate of H. Chapman Powell, be declared to have no right, title, or interest in the portion of Mrs. Rucker's estate claimed by petitioners; that the interest of H. Chapman Powell in the estate of Mrs. Rucker be declared to be the property of petitioners; and that they have judgment against McKinney as administrator of that estate.

Frank A. Powell, individually and as administrator de bonis non upon the estate of H. Chapman Powell, and Hulsey, as administrator upon Mrs. Powell's estate, demurred generally (*a*) for want of equity, and failure to set forth a cause of action, the petition showing that petitioners have an adequate remedy at law; (*b*) for mis-

joinder of parties, it appearing from the facts alleged that petitioners cannot recover from the defendants named, jointly; (c) for misjoinder of actions, in that a petition for the removal of an administrator under an allegation of fraud cannot be united with a claim for extraordinary relief outside of the mere removal and cannot be united with an action praying for the setting aside of the alleged sale; (d) because the petitioners are not entitled as a matter of law to proceed in their individual capacity for the relief prayed as against McKinney, administrator of the estate of Mrs. Rucker, in conjunction with John M. Hulsey as executor of Mrs. M. A. J. Powell, or as against John M. Hulsey, executor of the estate of Mrs. Powell; or as against Frank A. Powell individually or as administrator of the estate of H. Chapman Powell, deceased. Frank A. Powell also demurred upon the additional grounds (e) that the action is premature, it affirmatively appearing from the petition that there are no tangible assets of any kind in existence calling for the functions of an administrator de bonis non of the estate of Chapman Powell, deceased; (f) because it affirmatively appears from the petition that the judgments and orders of the court of ordinary of Hall County sought to be set aside were rendered more than three years prior to the filing of the petition, and the action is therefore barred by the statute of limitations; (g) because, it affirmatively appearing from the petition that H. Chapman Powell died prior to the death of Mrs. Powell, the life-tenant, and the bequest in the will of Mrs. Rucker being to Mrs. Powell with remainder to her children as a class, the legacy, as to such child, was divested, and no interest passed to his children, the plaintiffs in this case. Hulsey also demurred upon the ground (h) that, the petition showing there was an administrator upon the estate of H. Chapman Powell, the right to the custody and possession of any property, interests, or assets of such estate was in such legal representatives, and petitioners were not entitled to proceed against him as executor of Mrs. M. A. J. Powell. The demurrers were sustained and the petition dismissed. The plaintiffs excepted.

*Robert C. & Philip H. Alston,* for plaintiffs.

*Green, Tilson & McKinney* and *R. B. Blackburn,* for defendants.

GILBERT, J. 1. One of the grounds of demurrer on which the petition is attacked is as follows: "It affirmatively appearing from the petition that the legacy referred to was willed to Mrs. M. A. J.

Powell for and during her life, and at her death said sum with its accumulations, if any, to be equally divided between her children, and it further appearing that H. Chapman Powell departed this life prior to the death of Mrs. M. A. J. Powell, the life-tenant, the defendants herein named contend that upon the death of H. Chapman Powell no interest in said legacy passed to plaintiffs, and as a matter of law they cannot recover as against these defendants, or as against the estate of Mary J. Rucker, deceased, in any sum or in any amount as charged in said petition; these defendants contending that the legacy referred to being to one person for life, and at her death to the children of the life-tenant as a class, that upon the death of either of the children before the death of the life-tenant, the legacy as to such deceased child was divested, and no interest went to the children of such deceased child, to wit, the plaintiffs."

As shown in the statement of facts, Mrs. Powell, the life-tenant, and all of her four children were in life at the death of Mrs. Mary J. Rucker, the testatrix. After the death of the testatrix, but prior to the death of the life-tenant, one of the children of the latter, H. Chapman Powell, died, leaving two children, the plaintiffs in the trial court and plaintiffs in error in this court. The item of the will under which they claim, and upon which their suit is based, is as follows: "I give to my sister, Mrs. Martha A. J. Powell, twenty thousand ($20,000.00) dollars during her natural life, she to enjoy the income from the same; at her death said amount, with the accumulations, if any, to be equally divided between her children. If I should survive my sister Martha, then the legacy herein to be equally divided between her children." The last sentence in the item of the will just quoted need not be considered, since the condition that "if I should survive my sister Martha" did not occur, the testatrix having predeceased her sister Martha. The correct decision of the question depends upon whether the remainder interests vested at the death of the testator or at the death of the life-tenant. By this we mean the vesting of the title, and not the vesting to the right to the possession, use, and enjoyment of the property. 23 Ruling Case Law, 526, § 68. The Code of 1910, § 3680, declares "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears." Section 3677 provides as follows: "If the remain-

derman dies before the time arrives for possessing his estate in remainder, his heirs are entitled to a vested remainder interest." In the case of *Irvin* v. *Porterfield,* 126 *Ga.* 729 (55 S. E. 946), the will provided for a life-estate to the widow of the testator, and further provided: "At the death of my wife I wish my property equally divided between my children." In that case, at page 732, it was held " As a general rule, when there is a devise to a class, the members of the class are to be ascertained upon the death of the testator, as the will takes effect on that date. In a devise to children as a class by way of remainder, children in esse at the death of the testator take vested interests. . . The devise was to a class of children of the testator. This class was fixed by the conditions that existed at the death of the testator. And the interest of any that might die before the period of distribution passed to their heirs." *Crawley* v. *Kendrick,* 122 *Ga.* 183, 187 (50 S. E. 41, 2 Ann. Cas. 643) ; *Milner* v. *Gay,* 145 *Ga.* 858, 860 (90 S. E. 65) ; *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482). The general rule elsewhere is that where property is devised or bequeathed to one person for life, with remainder over to the testator's children, the latter take a°vested interest on the death of the testator, unless there is a clear manifestation of a contrary intent on the part of the testator. 23 Ruling Case Law, 530, 534, §§ 72, 78. In the present case there seems to be no clear manifestation of an intent to postpone the vesting of the title in the remaindermen, and therefore it is to be presumed that the testator intended that the remainder interest should vest at the moment when the will became operative. If there should be doubt on this question, it must be resolved in favor of the earlier vesting. We conclude that the remainder interest of H. Chapman Powell vested at the death of the testatrix, Mrs. Rucker, and that therefore the petition was not subject to demurrer on this ground.

2. The petition is attacked by demurrer on the ground that, the petition showing that there was an administrator upon the estate of H. Chapman Powell, the right to the custody and possession of any property, interest, or assets of such estate was in such legal representative, and that the plaintiffs could not sue in their individual capacity to recover such property. This ground of the demurrer is without merit, since the petition alleges that the judgment appointing the administrator was void because obtained by

fraud and without the knowledge of the plaintiffs, who resided in the State of Virginia, and that the acts and doings of the administrator were adverse to the plaintiffs and in fraud of their rights. In *Neal* v. *Boykin*, 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), it was said: " The heirs and creditors of the decedent, who had no knowledge that the application for letters of administration was .pending, were proper parties to institute and maintain an equitable proceeding to set aside or vacate the judgment appointing the administrator." In the opinion in that case, at page 682, it was said: " The petitioners in the present case were heirs and creditors of the decedent. They were interested in the assets of the estate, and their distribution. They would, therefore, have been heard as caveators when the application for letters of administration was pending. *Towner* v. *Griffin*, 115 *Ga.* 966. And it is quite clear that they are the proper parties plaintiff to the proceeding to vacate or set aside the judgment appointing the administrator. See *Jones* v. *Smith*, 120 *Ga.* 642. The fact that citation was published would not prevent the plaintiffs, who had no knowledge of the application for letters of administration, from moving in due time to have the judgment, appointing the administrator, set aside. *Davis* v. *Albritton*, 127 *Ga.* 517."

3. Another ground of the demurrer was that it affirmatively appears from the petition that the judgment and orders of the court of ordinary of Hall County, which were sought to be set aside, were rendered more than three years prior to the filing of the petition, and therefore that the action is barred by the statute of limitations. It appears from the petition that one of the plaintiffs, Travis Leigh Powell, was still a minor when the present suit was filed. It does not clearly appear when H. Chapman Powell, the other plaintiff, attained his majority. " Where it does not affirmatively appear upon the face of the declaration that the cause of action is barred by the statute of limitations, this defense cannot be made by general demurrer setting up that the action is barred by the statute, but is matter for plea." *Stringer* v. *Stringer*, 93 *Ga.* 320.(2), 321 (20 S. E. 242) ; *Coney* v. *Horne*, 93 *Ga.* 723, 726 (20 S. E. 213) ; *Thornton* v. *Jackson*, 129 *Ga.* 700 (2), 704 (59 S. E. 905). It does appear from the petition that on December 27, 1915, Frank Powell filed his final report as administrator, as to the sale of certain property, and that at that time H. Chapman Powell was a minor. The peti-

tion was filed by the plaintiffs on January 21st, 1920. Moreover, the demurrer attacks the petition on the ground that both of petitioners are barred by the statute of limitations. The demurrer was based upon the ground that the action was barred as to both plaintiffs, and it affirmatively appears that one of them was still a minor. It is not necessary to decide whether, in view of the allegations of fraud, the statute of limitations began to run as against H. Chapman Powell on the day he attained his majority, or whether it began on his discovery of the rendition of the fraudulent judgment sought to be set aside.

4. The petition is also attacked by demurrer on the ground that there is a misjoinder of parties and a misjoinder of causes of action. The petition was not subject to demurrer on either of these grounds. All of the parties were necessary to a complete adjudication of the issues. As was said in the case of *Conley* v. *Buck,* 100 *Ga.* 187, 193 (28 S. E. 99) : "'The principle to be deduced . . is, that a bill against several persons must relate to matters of the same nature and having a connection with each other, and in which all of the defendants are more or less concerned, though their rights in respect to the general subject of the case may be distinct.'" Separate suits against the several defendants would not afford effective and complete justice to the plaintiffs. All of the parties defendant are interested in and contesting over the same fund. That fund is the portion of Mrs. Rucker's estate bequeathed to H. Chapman Powell, and which became vested on the death of the testatrix. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Civil Code (1910), § 4522. The court having taken jurisdiction for the purpose of setting aside a judgment on the ground of fraud, it will proceed to give full relief to all of the parties in reference to the subject-matter of the suit. *McDonald* v. *Davis,* 43 *Ga.* 356 (2) ; *Atlanta, Birmingham & Atlantic R. Co.* v. *Smith,* 148 *Ga.* 282 (96 S. E. 562) ; *Kirkpatrick* v. *Holland,* 148 *Ga.* 708 (98 S. E. 265).

5, 6. The fifth and sixth headnotes do not require elaboration.

7. The petition is attacked by demurrer on the ground that there is a want of equity, and failure to set forth a cause of action. The judgment sustaining the demurrer and dismissing the petition does

not indicate the particular ground or grounds of the demurrer to which the court adjudged the petition to be subject. The demurrer was sustained as a whole, and the petition dismissed. It is a necessary conclusion that the trial court was of the opinion that the petition was insufficient to afford any relief upon any of the prayers; for the general demurrer would have been overruled if the petition had been considered sufficient to afford any relief upon any prayer of the petition. It is argued that there is no equity, because the plaintiffs have an adequate remedy at law. We think it obvious, the allegations of the petition being taken as true, that the petitioners have not an adequate remedy at law. The judgments of the court of ordinary completely bar the way of plaintiffs to an adjudication of their rights. These judgments are alleged to have been obtained by fraud, and relief in these matters falls peculiarly within the province of a court of equity. Under the contention that there is a want of equity and a failure to set forth a cause of action generally, it is argued that none of the relief can be obtained, because it appears from the petition that Frank A. Powell has obtained a judgment from the court of ordinary of Hall County, dismissing him as administrator of the estate of H. Chapman Powell, deceased. The petition alleges that Frank Powell obtained his appointments, both as administrator and as administrator de bonis non, by fraud; that these plaintiffs resided in the State of Virginia, and had no notice of his appointment until after the fraud had been accomplished; and they seek to have the judgments appointing him set aside for these reasons. The petition does not allege that Frank A. Powell had obtained a judgment of the court of ordinary of Hall County, dismissing him; but it is shown that he had made his final report as administrator, and had later made application for and been appointed administrator de bonis non upon the same estate; and from this it is argued that it must be assumed that he had obtained a judgment dismissing him as administrator. The petition does not pray for the setting aside of any such judgment of dismissal. It has been held in a number of cases that such a judgment of dismissal must be set aside before an administrator's sale can be set aside, because until then the administrator making the sale could not be made a party to the suit. *Whitley Grocery Co. v. Jones*, 128 *Ga.* 791 (58 S. E. 623). It has also been held that where there has been a judgment of dismissal, this judgment must be set aside before the

administrator can be cited to appear in a court of ordinary to account to the heirs or probate the will in solemn form. *Jacobs* v. *Pou,* 18 *Ga.* 346; *Thompson* v. *Chapeau,* 132 *Ga.* 847 (65 S. E. 127). The rulings made by these decisions are based upon the fact that the administrator was a necessary party, and if he had been granted letters of dismission, he could not be made a party unless the grant was reopened and he was reinstated in office. In the present case Frank A. Powell is administrator de bonis non on the estate of H. Chapman Powell. After having his dismission as administrator, apparently he subsequently had himself appointed administrator de bonis non, and as such representative of the same estate he is made a party to this suit. Nothing could be gained, therefore, and no useful purpose could be served by including a prayer for setting aside the judgment dismissing Frank A. Powell as administrator. Moreover, his entire connection with the administration of that estate, including the sale of the property made by him, is attacked on the ground of fraud, and according to the allegations the fraud runs through the entire transaction from beginning to end, including the judgment of dismissal. *Pass* v. *Pass,* 98 *Ga.* 791 (25 S. E. 752); *Pollock* v. *Cox,* 108 *Ga.* 43 (34 S. E. 213). " The superior court in the exercise of its equitable jurisdiction may set aside a judgment of a court of ordinary, procured by fraud, upon proper allegations and proof. The party seeking such relief is not compelled to move to set aside the judgment in the court of ordinary." *Lester* v. *Reynolds,* 144 *Ga.* 143 (2), 144 (86 S. E. 321); *Wash* v. *Wash,* 145 *Ga.* 404 (89 S. E. 364). Our conclusion is that the petition set out a cause of action, and that the court erred in sustaining the general demurrers and dismissing the case. *Judgment reversed. All the Justices concur.*