DISMUKES, trustee, *et al. v.* BAGLEY, trustee.

Construing the will in question, the testator's grandchild whose interest is here involved took a contingent and not a vested estate in remainder.

No. 6110.    FEBRUARY 15, 1928.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. June 8, 1927.

*Slade & Swift, K. E. Bray,* and *M. H. Norris,* for plaintiffs in error.

*T. B. Bagley* and *J. E. Chapman Jr.,* contra.

ATKINSON, J. The will of Elisha P. Dismukes, made in Feb-

Wills, 40 Cyc. p. 1666, n. 14.

ruary, 1918, was duly probated on April 20 next ensuing. In item four it was provided: "I hereby direct my executors to purchase, as soon as can be done, without injury to my estate, bonds of the United States of America at the par value of $100,000.00, or as many of such as may be necessary to make up said amount in addition to said bonds that I may own at the time of my death, so that the total amount of said bonds shall be $100,000.00, and to hold said bonds during the life of my wife, Maria Theresa Dismukes, and to pay to her the entire income from said bonds during her life, said income to be paid to her immediately upon the collection of the interest paid on said bonds. Upon the death of my wife, Maria Theresa Dismukes, I direct that one half of said bonds shall be divided equally between my two sons, Elisha Paul Dismukes Jr., and Robert Ernest Dismukes, or to their executors or administrators; the other one half of said bonds shall then be divided equally among all of my grandchildren now born or to be born, prior to the death of my wife, Maria Theresa Dismukes, to my son Elisha Paul Dismukes Jr., and his wife Helena Morrisette Dismukes, and to my son Robert Ernest Dismukes and his wife, Leonora Swift Dismukes; except that should any of said grandchildren marry and afterwards die before the division or distribution of said bonds, leaving a child or children, the share of said bonds that would belong to such deceased grandchild, if living, shall be given to the legal guardian of the heirs of such grandchild." In 1927 B. L. Dismukes, a son of Elisha Paul Dismukes Jr. and his wife, Helena Morrisette Dismukes, and a grandson of the testator, was over 21 years of age and married and without child or children. In a suit instituted on January 14, 1927, by T. B. Bagley as trustee in bankruptcy for the estate of B. L. Dismukes, the controlling question is whether B. L. Mismukes as a grandchild of the testator had a vested-remainder interest in the bonds under the last clause of item four of the will.

1. The amount of interest that any grandchild could take would be uncertain until the death of the testator's wife. The bequest was to children of children of the testator, as a class, that is, to children as a class of Elisha Paul Dismukes Jr. by his wife, Helena Morrisette Dismukes, representing one branch of the class, and to children of Robert Ernest Dismukes and his wife, Leonora Swift Dismukes, representing the other branch of the class, "except that

should any of said grandchildren marry and afterwards die before the division or distribution of said bonds, leaving a child or children, the share of said bonds that would belong to such deceased grandchild, if living, shall be given to the legal guardian of the heirs of such grandchild." The words above quoted, considered with their context, show a testamentary intention to provide for great-grandchildren the existence and ascertainment of whom could not be determined until arrival of the time for distribution of the estate in remainder at the death of the testator's widow. Until that time it could not be ascertained whether B. L. Dismukes would then be in life or whether he would have children. This would produce a contingency as to the person who would take in remainder; and consequently the estate which B. L. Dismukes might derive under item 4 of the will would be contingent, and would not be a vested remainder. *City Council of Augusta* v. *Radcliffe*, 66 *Ga.* 469, 472; *White* v. *Rowland*, 67 *Ga.* 546, 554 (44 Am. R. 731); *Darnell* v. *Barton*, 75 *Ga.* 377; *Cushman* v. *Coleman*, 92 *Ga.* 772 (19 S. E. 46); *Smith* v. *Smith*, 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Lane* v. *Patterson*, 138 *Ga.* 710 (2) (76 S. E. 47); *Murphy* v. *Murphy*, 151 *Ga.* 438 (107 S. E. 37); *Harris* v. *McDonald*, 152 *Ga.* 18 (108 S. E. 448); *Burton* v. *Patton*, 162 *Ga.* 610 (134 S. E. 603).

2. Under the foregoing construction of item 4 of the will, the judge erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*