BRYANT *v.* GREEN *et al.*

No. 12536. October 13, 1938. Rehearing denied November 19, 1938.

*E. W. Maynard, J. B. Jackson,* and *W. Carlton Mobley,* for plaintiff in error.

*F. Holmes Johnson,* contra.

GRICE, Justice. The question for determination is, what interest, if any, do R. L. Woodall Jr., and the three children of Mrs. Sarah Ann Green, have in the portion of land left to J. T. Woodall under the will of Benjamin Woodall? The defendants in error are the children, respectively, of a son and a daughter of the testator, both of whom predeceased J. T. Woodall. The plaintiff in error is the sole surviving child of Benjamin Woodall. J. T. Woodall took only a life-estate under the will of his father, with a remainder over. He died childless; and therefore we must ascertain who takes the ultimate remainder in his share under the following clause, "and if any of these my said children die without children then their part of my estate is to go to my other children."

A will seldom has a twin brother. Identical twins, when it comes to wills, are still rarer. As was observed by Presiding Justice Beck in *Comer* v. *Citizens & Southern National Bank,* 182 Ga. 1, 5 (185 S. E. 77): "As all wills differ, . . it has been recognized that when it comes to the construction of a will, precedents are of less value than is commonly true in other questions;" and approval was there given to Chief Justice Marshall's statement in Smith v. Bell, 6 Peters 68, 80 (8 L. ed., 322), to the effect that while cases on wills may guide us to general rules of construction, unless a cited case was on "all fours" with the one to be decided, it should have little or no weight with the courts, "who always look upon the intention of the testator as the polar-star to direct them in the construction of wills." We approach the problem before us, bearing in mind the words of these two sages of the law. Under the Code, § 85-708, "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." Here we are furnished with a definite rule of construction. The words of survivorship quoted above refer to the testator's death, unless there appears a manifest intention to the contrary. Does such an intention appear? Both *Davis* v. *Sanders,* 123 *Ga.* 177 (51 S. E. 298), and *Fulghum* v. *Strickland,* 123 *Ga.* 258 (51 S. E. 294), dealt with children of a child who died before the testator's death. In the instant case all the children of the testator survived him. *Brown* v. *Lane,* 147 *Ga.* 1 (92 S. E. 517), is also to be distinguished, because there the

will provided: "Should either of my children die after receiving their portion of my estate, and leave no heir, in that case the property rec'd from my estate must be returned to be divided between my other children." The bequest in *Crawford* v. *Clark,* 110 *Ga.* 729 (36 S. E. 404), was quite similar to the devise in the instant case. There the bequest was to the testator's daughter for life, and after her death to her children; and if the daughter should die without issue, "all the property . . shall revert to and be equally divided among my surviving children." It was held that the words "my surviving children" referred to testator's children surviving him, and not the daughter. The word "surviving" is not used in the will in this case, the phrase being "to my other children." That difference, however, is not so material. We still have to determine whether he meant "my other children" who were in life at his death, or who were in life at J. T. Woodall's death, which was the time of the vesting of the possession of the ultimate remainder estate. The clause is a clause of survivorship, and falls within the provision of the Code, § 85-708, that is, the time is that of the date of the testator's death, unless there is a manifest intention to the contrary. What bearing does the word "then" have? Did the testator employ it as an adverb of time, or as a word of reasoning? In *Sanford* v. *Sanford,* 58 *Ga.* 259, the devise was to John for life, and at his death to his children; "but in the event of his leaving no such child or children, the property aforesaid then to revert to my estate, and be equally divided among my children." It was there ruled that the word "then" was an adverb of time. And clearly it was. It was not used as a word of reasoning, for that is supplied by the words "in the event." It followed that what was meant was that the property should at the death of the life-tenant revert to the testator's estate. In the instant case the phraseology is, "if any of these my said children die without children, then their part of my estate is to go to my other children." The word "then" in the quoted clause can without any strained meaning be construed as merely a word of reasoning, meaning only "in the event." To put this construction on it would harmonize the item with the first sentence in § 85-708, supra: "The law favors the vesting of remainders in all cases of doubt."

The meaning of the word "then" was under consideration in

*Harris* v. *Smith,* 16 *Ga.* 545, 557. It was there said: "Now the word *then* may be used, either as a word of reasoning or of time. When it is used in the limitation of estates, or in framing contingencies, unless something in the context makes a different meaning for it necessary, it is to be regarded, as Lord Hardwick says in Beauclerk *vs.* Dormer, 2 Atk. 311, as a word of reference, but *may be* used on such occasions in its grammatical sense; that is, as an adverb of time. In such case the context should plainly show that it was so used, before effect is thus given to it. When it is employed in the former sense, it is synonymous with the phrase, 'in that event,' or 'in that case,' when in the latter, with the words, 'at that time.' (2 Jarm. on W. 446.) In the case of Beauclerk *vs.* Dormer, Lord Hardwick refused to consider this word in its grammatical sense, but treated it as a word of inference or reasoning, because there was nothing in the context to authorize it." There is nothing in the context to authorize us to conclude that the word "then" was used other than as a word of reasoning or inference, and that it was not used as an adverb of time; and consequently we must rule that the clause under consideration refers to the testator's death, and not to J. T. Woodall's death. How does this conclusion affect the rights of the parties? The executory devise over to the testator's "other children" is contingent as to an event, namely, the life-tenant dying without children. It was not contingent as to the person with reference to such ultimate devisees. The testator's other children at the time of his death were known and ascertainable. Therefore such of the testator's children as died after his death and before the life-tenant had an estate that was transmissible to their heirs. *Crawford* v. *Clark,* supra; *Payne* v. *Rosser,* 53 *Ga.* 662; Code, § 85-704. The devise to "my other children" was a devise to children as a class. *Toucher* v. *Hawkins,* 158 *Ga.* 482 (123 S. E. 618); *Tate* v. *Tate,* 160 *Ga.* 449 (128 S. E. 393). "In a devise to children as a class, by way of remainder, children in esse at the death of the testator take vested interests. . . In case of an executory devise the class is fixed by the conditions that existed at the death of the testator, and the interests of any that might die before the period of distribution vest in their heirs." *Irvin* v. *Porterfield,* 126 *Ga.* 729 (55 S. E. 946). See also *Powell* v. *McKinney,* 151 *Ga.* 803 (108 S. E. 231).

While it is true that the term "children" does not include grand-children, so as to permit grandchildren to take as purchasers, the principle on which that conclusion rests is not here involved, because R. L. Woodall Jr. and the Green children take as heirs of their deceased parents, and not as purchasers under the will. Since the devise by way of remainder to the testator's other children was to a class, and the parents of the defendants in error being in life at the date of the death of the testator took vested interests which were transmissible to their children, it follows that as to the J. T. Woodall tract R. L. Woodall Jr., being a son of a son of the testator in life at the death of the testator, takes an undivided third; that the children of Mrs. Green, she being in life at the death of the testator, take one-third undivided interest; and Mrs. Bryant, the only child of the testator who is now in life, takes the remaining third.

*Judgment affirmed. All the Justices concur.*