BLANCHARD, née GILMORE *v.* GILMORE *et al.,*
.trustees, *et al.*

No. 17775.   ARGUED FEBRUARY 12, 1952—DECIDED MARCH 10, 1952—
REHEARING DENIED MARCH 25, 1952.

*W. C. McMillan, D. E. McMaster, Erwin Sibley,* and *C. Baxter Jones,* for plaintiffs.

*E. W. Jordan* and *E. T. Averett,* for defendants.

ATKINSON, Presiding. Justice. (After stating the foregoing facts.) This case was previously before this court (*Gilmore* v. *Gilmore,* 201 *Ga.* 770, 41 S. E. 2d, 229), where it was held that the personal and discretionary powers conferred upon the original trustee nominated in the will of John D. Gilmore were not conferred upon the successor trustees appointed by the will of the original trustee.

■ The controlling question here presented is whether the will created a trust in favor of. the wife, which would necessitate the retention of the estate in the hands of the trustees; or whether the trustees should deliver the corpus of the estate to the remainderman, Thomas W. Gilmore Jr., subject to the corpus being charged with the rights of the wife as stated in the will.

Under the terms of the will, it is clear that it provides an annuity for the wife during her life to be paid from the income or corpus of the estate, and after her death the estate is still charged with the expenses of her last illness and funeral; that, subject to this charge, Thomas W. Gilmore was entitled to the life estate; that, after the death of Thomas W. Gilmore, his child or children were to receive the income during their minority subject to the annuity in favor of the wife. There is no issue between the parties as to the foregoing. Thomas W. Gilmore Jr., the only child of Thomas W. Gilmore, is the sole remainderman, has now attained his majority, and is laboring under no disability. To withhold the estate from this son and retain the trusteeship, as insisted by the wife, would be to retain a trustee for a person sui juris. As to the son the trust has been executed. The legal and equitable estates have merged. Code, § 108-112. At the time of the death of the testator a trust could not be created or maintained for a person sui juris where there is no remainder over. The will must be construed under the law as it existed at the time of the death of the testator. *Hertz* v. *Abrahams,* 110 *Ga.* 707 (2) (36 S. E. 409); *Bussey* v. *Bussey,* 208 *Ga.* 760 (69 S. E. 2d, 569). So the act (Ga. L. 1950, p.

310) amending the law of trusts as to persons sui juris is not effective here.

Attorneys for the wife contend that whether or not a trust is executed and the legal title passes to the beneficiary does not depend upon the law of force when the trust was created, but is controlled by the law existing at the time the trust is claimed to be executed, and cite for this ruling *Knorr* v. *Raymond*, 73 *Ga.* 749 (11c). That case differs on its facts and on principle from the instant case. To hold that the act of 1950, p. 310, continued the trust in force and deferred the possession and enjoyment of the remainder estate from Thomas W. Gilmore Jr. after he reached his majority, would be in violation of his vested rights; and the *Knorr* case, supra, specifically states that such could not be done. When Thomas W. Gilmore Jr. arrived at his majority he was entitled to have delivered the property devised to him under the will. *Stringfellow* v. *Harman*, 207 *Ga.* 62 (60 S. E. 2d, 139), and citations.

On the other hand, it is equally clear that the widow is entitled to her annuity and the expenses of her last illness and funeral to be paid from the property composing the estate. A testamentary legacy is a charge against the corpus of the estate. *Tinsley* v. *Maddox*, 176 *Ga.* 471 (14) (168 S. E. 297). Had the will, in creating these charges in favor of the widow, provided that they be a charge upon the realty, or any particular portion of the realty, this charge would have followed the land under Code § 113-822, which provides: "Annuities, or legacies, or debts charged upon lands by testaments, attach thereto and follow the land in the hands of all persons." See also *Bell* v. *Watkins*, 104 *Ga.* 345 (30 S. E. 756); *Harvey* v. *Greenfield*, 186 *Ga.* 192 (2) (197 S. E. 276). Under such circumstances the charge would be protected by a legal lien upon the land. But the charge in favor of the widow here is not against land, because, even though there was land in the estate at the time of the death of the testator, he gave his original executor unlimited power to convert it into personalty, and therefore no lien as fixed by law is attached, although provisions made for her are primary claims against the property comprising the estate and should be protected.

Accordingly, we hold that the trust created by the will has been executed, that the remainderman is entitled to receive the

estate from the trustees, but that the property in the hands of the remainderman is charged with an equitable lien in favor of the widow subject to the provisions made for her in the will.

While the petitioner prays for an accounting as between the estate of John D. Gilmore and the estates of his deceased brothers, and also for an accounting as between herself and the present trustees of the estate of John D. Gilmore, it is not alleged that the trustees are in arrears as to her annuity or that anything is due her, or any other reason why an accounting would be beneficial to her or would be necessary for her protection. *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 702) ; *Smith* v. *Hancock,* 163 *Ga.* 222 (5) (136 S. E. 52) ; *Calbeck* v. *Herrington,* 169 *Ga.* 869 (2b) (152 S. E. 53) ; *Clements* v. *Hollingsworth,* 205 *Ga.* 153 (3) (52 S. E. 2d, 465).

Under the ruling made in the first division of this opinion, the question of whether the appointment of two trustees for the estate of John D. Gilmore was authorized under the will of Thomas W. Gilmore, instead of a sole trustee, is now moot.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*