In the Matter of the Estate of FRED E. FELLION, Deceased.

Surrogate's Court, Franklin County, August 1, 1928.

Wills — construction — provision that if devisees should contest probate they would receive nothing — present application is by executors, who are also devisees, to construe two provisions of will — executors first contended that said provisions were illegal — executors later requested merely that will be construed — provision in will not violated by application — trust for maintenance of cemetery lot proper under Personal Property Law, § 13-a — trust for certain beneficiaries to continue until youngest grandchild should die or reach majority is valid — immaterial whether interest of grandchildren is contingent or vested — provision for possible accumulations does not render trust invalid — provision that annuity should be paid children of testator who survived youngest grandchild, is valid.

The will of the testator provided that if any of the beneficiaries should contest the probate they would forfeit their interests in the estate. The will was probated without contest. Present proceeding by the executors is for an accounting and for the construction of two provisions of the will which the executors claim are invalid. However, upon objections being raised, they amended their claim by simply asking for a construction of the will. There is no justification in the charge that the executors have asked for a construction of the will in order that the two clauses may be held invalid so that they will benefit by reason of the invalidity of the said clauses.

A provision for the care and maintenance of the cemetery lot of the testator during the continuance of the trust set up in the 5th paragraph of the will, with authority to pay a definite amount for perpetual care, is valid under section 13-a of the Personal Property Law and does not violate the rule against the unlawful suspension of the power of alienation.

The trust provision provides for the payment of certain amounts to the children of the testator and to the grandchildren until the youngest grandchild of the

testator shall die or reach the age of majority. That provision does not unlawfully suspend the power of alienation, even though several persons will be benefited by the income from the trust fund during the life or minority of the youngest grandchild.

It is unimportant whether the grandchildren of the testator have a vested or contingent interest, for if contingent the power of alienation is not unlawfully suspended, since the trust terminates at the close of the life of the youngest grandchild or at the close of his minority, and if the estate is vested in the living grandchildren, their interests may be divested by death prior to the termination of the life or minority of the youngest grandchild.

There is no provision for the unlawful accumulation of income for the will indicates that the testator intended that any surplus after the payment of annuities should be expended for the education of his grandchildren and this direction does not make the trust invalid, for any possible accumulation would terminate before the expiration of the minority of the youngest grandchild, and if unexpended might belong to the next eventual estate.

The provision in the will for the termination of the trust upon the arrival at twenty-one years of age of the youngest grandchild, means the youngest grandchild living at the time of the death of the testator.

Paragraph 6 of the will provides that at the termination of the trust the principal shall be distributed among the grandchildren then surviving, with the exception that sufficient funds shall be retained to pay an annuity to any children of the testator who might then be living, to the same extent as previously provided for in the original trust. This provision is not invalid for it was the evident intention of the testator that separate trusts be established for the benefit of each surviving child.

PROCEEDING for accounting by executors involving construction of will.

*Fred J. Flanagan* [*George J. Moore* of counsel], for the petitioners, executors.

*John M. Cantwell* and *Miles Cantwell,* for Sylvester Lavigne and Fred Lavigne.

*William St. Mary,* for Jeanette Hurteau.

*John P. Badger,* special guardian for infants.

LAURENCE, S. The executors of the above estate have filed their accounts for judicial approval. In one schedule of such account they have asked for a judicial construction of the will, stating that they are advised by counsel that the paragraphs numbered " fifth " and " sixth " of the will are illegal and invalid and praying for a decree that the trust provisions contained in such paragraphs be declared null and void and that to such extent the testator died without a will.

Citation was issued pursuant to which the interested parties were brought into court and are now represented by counsel of

their choice and by special guardian appointed for the interested minors.

Before taking up the various contests regarding the validity of the trust provisions of the will, it will be well to dispose of the claim that the executors have forfeited all interest in the estate by their request for its construction.

By the 9th paragraph of the will any beneficiary, in which class the petitioners are included, who should contest its probate would receive nothing and the legacies made to them would pass to such residuary legatees as made no contest. The will was admitted to probate without objection. It is claimed, however, that the present proceeding for construction is in fact a proceeding for destruction and in fact an attempt to destroy the will for the benefit of the four heirs at law of which the petitioners are two in number. At the time the matter was submitted to the court and after claim had been made that the proceeding was an attempt to destroy the will the petitioners asked permission to amend their prayer for relief, so that it would indicate request for construction only, stating that their suggestion of its invalidity was to apprise the court of what in their judgment its attention should be directed to. While the petitioners would benefit by a decree declaring the trust provisions void I should hesitate to charge them with bad faith unless there was reason to believe that this application was made for the purpose of securing a destruction of the will under cover of this proceeding and in order to evade the provisions of paragraph 9th of the will which provides that any beneficiary who should contest its probate would be cut off. I do not find justification for such a charge.

Numerous decisions have upheld the right of a testator to make bequests on condition that the same would be ineffective if the beneficiary should not acquiesce in the provisions made for him. It seems to be equally well settled that such provisions should be strictly construed. Courts look with disfavor on provisions forbidding any contest and a resulting penalty. In the case at bar I feel that the provisions have not been trespassed upon from an improper motive and, therefore, hold that the petitioners were justified in seeking directions from the court and shall treat the petition in that light.

In the interpretation of the will in question one of the first duties is to determine the avowed intention of the testator and then determine whether such intention violated any positive rule of law. In the consideration of these questions I am furnished with several briefs setting forth the contentions of the various parties. Various rules for testamentary construction have been announced by the

courts.    One of the best known of which is, that where two or more constructions are reasonably possible the one which will sustain the validity of the will is to be preferred to the one that will defeat it.

Now let us examine the will for the purpose of ascertaining the intention of the testator and what he desired to accomplish. Presumably it was his intention to accomplish what the will directed. The first four paragraphs of the will may be passed over with the remark that he intended to make some provision for three of his four children by way of a cash gift to be paid to them within a reasonable time after his decease.

By the 5th paragraph he gives the balance of his estate to his executors in trust " to invest and reinvest the same and from the income thereof to pay: "   1. Provision is here made for the care and maintenance of his cemetery lot during the continuance of the trust with the added provision that if before the termination of the trust an association should be formed to provide for the care of the cemetery, then the executors would be authorized to pay a certain amount for perpetual care.    As this is one of the announced objects of the trusts it is claimed to be illegal as violating the statute against the suspension of the power of alienation.    By section 13-a of the Personal Property Law, however, it would seem that such provision shall not be deemed to be invalid as violating any law against perpetuities or suspension of the power of alienation. 2. Provision is here made that if any of his grandchildren should desire a higher education than could be given them in the public school the trustees would be authorized to expend upon each of such grandchildren a sum not exceeding $2,000.    It is apparent that the testator had in mind the desirability of equipping his grandchildren for the battle of life.    The power to do so, however, is permissive rather than mandatory and could only be exercised as therein stated and during the period contemplated by the language of the will.    I do not find that the object sought to be attained is objectionable.    Its duration is involved with other provisions and will be discussed later on.

By the 3d, 4th, 5th and 6th subdivisions of paragraph " fifth " of the will, provision is made for the payment of annuities to the children of the deceased during their separate lives, limited, however, so far as payment is concerned, to be made from income in accordance with the provisions of paragraph " sixth " of the will.    The will contemplates, as suggested, that these should be paid from the income.    It is evident that the testator had in mind the amount of his estate and that the income from the estate would make possible the payment of these annuities.    This is emphasized among

Misc. 805]     Surrogate's Court, Franklin County, August, 1928.

other things by the provision for the education of the grandchildren being made permissive rather than mandatory.

I believe that the testator in his own mind considered the provision for the care of the cemetery, the education of his grandchildren and each of the annuities mentioned in the 5th paragraph of the will as separate and to be treated as separate objects although the fund from which they were to be paid was to be kept together. I believe he contemplated their continuance during the minority of his youngest grandchild. This position is somewhat strengthened by the character of the bequests; by the division of the objects sought to be accomplished into paragraphs, and by what I consider should be the duty of the court in the interpretation of wills, namely, to carry out the intention of the testator so far as the same can be accomplished without violating established rules of law. Viewed in that light there would seem to be no unlawful suspension as those trust objects would continue separately and during only one life or minority, namely that of the youngest grandchild. The fact that several persons are to be benefited by the income from the trust funds during the life or minority of the youngest grandchild would not seem to affect its validity.

Some of the briefs submitted contend that the interest of the grandchildren vests immediately and others contend that their interests are contingent. It may be well to see what might possibly happen to the various beneficiaries. All of the children of the deceased and all of the grandchildren might die before the youngest attained the age of twenty-one years and then the youngest might die before arriving at twenty-one years of age. In that event the estate would seem to be undisposed of and pass to the next of kin. Some of the grandchildren might be living and some might have died at the time the youngest grandchild attained majority, and the language of paragraph " sixth " of the will indicates that only those grandchildren shall take who are living at that time. It might, therefore, seem that the persons who are to take are uncertain. The law favors the vesting of estates. To hold, however, that in the case at bar the interests of the grandchildren are vested would seem to strain the import of the language used by the testator. It would seem to be unimportant, however, whether these interests are contingent or vested. If contingent so that the power of alienation is suspended there would be no unlawful suspension as the trust terminates at the close of one life or minority, and if vested they are subject to be divested by death prior to the termination of the life or minority of the youngest grandchild.

It is urged that there may be an accumulation of income which is not directed to be expended and which is not for the benefit

Surrogate's Court, Franklin County, August, 1928. [Vol. 132

of a minor and, therefore, void. I think the testator had in mind what could be paid from income and directed then that the surplus after annuities might be expended for the education of his grandchildren. To hold that this direction would destroy the trusts seems to be unwarranted. Any possible accumulation would terminate before the expiration of the minority and if unexpended might under the law belong to the next eventual estate.

Paragraph 6 of the will under consideration provides that " upon the arrival at twenty-one years of age of the youngest of my grandchildren " the trust shall terminate. The foregoing discussion has proceeded upon the theory that such expression means " the youngest of my grandchildren who shall be living at the time of my decease," and such would seem to be the meaning given to it by the courts. It may be urged that the object of the testator was to prolong the trust estate for a considerable period. That may have been his desire. If so he evidently chose the life of the person whose minority under ordinary circumstances would farthest extend that period, further providing in effect that if such grandchildren should not live to that age adequate provision would remain to insure some benefit to his living children by means of annuities.

Paragraph " sixth " of the will under consideration provides that at the termination of the trust the estate should be distributed " among my grandchildren then surviving," with the exception that sufficient funds should be retained to make possible the payment of any annuity to any children of deceased who might be living at such time to the same extent as previously provided for them in the will.

The question now arises as to whether the trust is to continue after the death or minority of the youngest grandchild and if so whether the interests then to be allotted are separable or contingent.

The possible benefits to be turned over to the annuitants may be paid from principal or from income. I believe that the proper interpretation to be made of provisions of the will disposing of the estate at the death or majority of the youngest grandchild is to set apart a sufficient fund from which in case there are children then living each separate annuity may be provided for. The language employed is susceptible of that interpretation and such would seem to be in accord with the purpose sought to be accomplished by the testator. He apparently had in mind each child and some provision for each individual child who might survive the death or minority of the youngest grandchild. Viewed in that light the provision for each child naturally would and should be considered as separate and definite in interest and to terminate

at his death which might be determined and set apart without any resulting surplus or if there was a surplus it would be absolutely disposed of at the death of the annuitant and so in any case would not violate any established rule of law. The context, and the situation which the testator had in mind, would seem to denote separation and segregation and to be applicable to a fund held subject to the satisfaction of a separate annuity.

The above remarks would seem to cover what is at present necessary for directions to the executors. In view of the desire for instructions, however, it may be well to add that the executors after their accounts to date have been judicially approved should proceed to pay the specific legatees mentioned in the 2d, 3d and 4th paragraphs of the will. They should then proceed to pay the annuities provided for in the 3d, 4th, 5th and 6th subdivisions of paragraph " fifth " of the will as well as for the care of the cemetery lot and with any surplus pay for perpetual care, if any association should be formed making such payment possible, and then in their discretion provide for the education of any grandchild as contemplated by the provisions of subdivision 2 of paragraph " fifth " of the will.

Further directions may be sought from the court if circumstances develop to make such directions necessary.

Ordered accordingly.