*G. G. Bower* and *M. E. O'Neal,* contra.

---

## MAYNARD *et al.*, executors, *v.* ZELLNER *et al.*

1. Where a testator has provided that all of his children shall share equally in his estate, and has devised certain specific legacies, placing a valuation thereon, and naming advancements made to certain of the children and devisees, it is necessary for the executors to first definitely determine what the whole value of testator's estate is, and what advancements, if any, have been made to each legatee and dev-

isee, in order to arrive at what the difference is between the advancements made .and the distributive share that each legatee and devisee should receive, before they can sue any legatee or devisee who has received more than his distributive share of the estate, if any, in order to equalize the others with such legatee.

2. The language of item 2 of the codicil of the will here in question did not create a condition precedent to the vesting of the estate, and did not prevent the devise from becoming effective; but it created a charge against the land for the difference between the value of all the property bequeathed and devised to the testator's daughter and her children, and the amount of their distributive share in testator's estate.

3. The trial judge did not err in sustaining the demurrers and in dismissing the petition. The petition, properly construed, is not one for direction, but for recovery of the property devised to the daughter (Mrs. Z. and her children) by the codicil, together with the rents, issues, and profits.

No. 2065.  FEBRUARY 15, 1921.

Equitable petition.  Before Judge Searcy.  Monroe superior court.  April 10, 1920.

P. B. Maynard et al., as executors of the last will and testament of W. T. Maynard, deceased, filed their petition against Mrs. J. N. Zellner et al., and alleged in substance as follows:  Under the will of W. T. Maynard Mrs. Zellner is given certain lands which were valued by the testator at $3500, which amount it is provided shall be charged against the interest of Mrs. Zellner in the distribution of the estate.  It is also provided in the will that Mrs. Zellner shall be charged with the sum of $800 previously advanced to her, making a total of $4150.00.  By item 2 of a codicil executed by the testator Mrs. Zellner is devised certain other lands known as the Jordan place, for and during her natural life, with remainder over to her children share and share alike, which property was valued by the testator at $1200.  In this item it is provided: " It is my will that my said daughter shall share equally with my other children in the division of my estate; so I direct that in the event the value of this property and that heretofore demised to her and her children, as herein provided, shall exceed in amount her distributive share in my estate, she shall pay to my executors in cash such sum or amount as the value of said property may exceed her distributive share in my estate.  That my executors shall not approve this bequest, nor shall the title to the property herein demised vest until the said difference, if any, shall have been paid to my executors.  I direct that in the event she fails or declines to pay this difference, if any, between the value of said property and her distributive share in my estate, then so much of said property

herein bequeathed or demised to my daughter Ellen as 'may be necessary be sold by my executors to pay the difference, if any, between the value of all the property demised to her and her distributive share in my estate." A similar devise was made by the testator to his daughter Sarah Amanda Lawson, who having died, her children were made parties defendant in the court below. They did not demur to the petition, and consequently are not parties to the case in this court.

It is further alleged: The testator made $3500 a basis of distribution among his heirs, he having bequeathed to several of his children property of that value. It was provided in the will that all of his children should share equally in his estate; and his executors were charged with the duty of carrying out this provision of equality in the distribution. "By a decree rendered by this court on a report of an auditor appointed to hear and report all issues of fact and law in a proceeding, viz., E. T. Maynard et al. v. your petitioners, wherein the auditor, in adjudicating the liabilities of the said estate as a partner in the banking business of W. T. Maynard & Company, found that the distributive share of each of the heirs in the said estate would not exceed the sum of $3500, and that in all probability in adjusting the indebtedness of the said bank the various legacies of the heirs of the said Maynard would have to abate in such sum as may be necessary to discharge the indebtedness of the said bank; that up until this report of the said auditor your petitioners were unable to ascertain what the liability of the said bank was, and could not proceed with further distribution of the estate of the said W. T. Maynard until it was ascertained the extent of liability of the said estate for the indebtedness of the said bank; that it was apparent from the finding of the said auditor in said cause that $3500 will be the approximate share of each of the heirs of the said estate." By reason of the fact that the respective shares of the heirs of W. T. Maynard will be approximately $3500, the devise to Mrs. Zellner of the land known as the Jordan place, which was valued at $1200, has failed, because Mrs. Zellner had already been bequeathed and devised the sum of $4150, as alleged. Mrs. Zellner, immediately after the death of testator in October, 1905, went into possession of the land devised in the second item of the codicil, with the knowledge of plaintiffs, but it was not by their consent, as under the will

they had no authority to grant such consent. She has been in possession of it since January 1, 1906, to the date of filing the petition, and is now in possession of it and has received the rents, issues and profits thereof. About the year 1908 it became apparent that the interest of Mrs. Zellner in the estate would not exceed the sum of $4150, and that she would have no interest in the Jordan place described in the codicil; and plaintiffs made a demand on Mrs. Zellner for the possession of the land, which she declined to surrender. In 1915 a similar demand was made, with a like refusal. In 1917, after the filing of the auditor's report above referred to, another demand was made for the possession of the property or the purchase-price with interest from January, 1906. Mrs. Zellner again refused to surrender possession of the land, but expressed her willingness to pay plaintiffs the sum of $1200 on condition that if her interest in the estate exceeded the sum of $3350 so much of the sum would be returned as would equalize her with the other heirs. The property has increased in value since Mrs. Zellner entered possession of it, because of the general increase in the value of farm lands. The land is now worth approximately $2500. The annual rental value is worth now, and has been during the years of Mrs. Zellner's occupancy, four bales of cotton of the average value of $50 per bale. Mrs. Zellner contends that the property is hers, and that she is not liable for interest on $1200, but that she is willing and ready to pay the same as soon as it can be ascertained what sum it is necessary for her to pay. Inasmuch as the special bequest of the land described in item 2 of the codicil has failed, as contended by plaintiffs, Mrs. Zellner is holding the land without lawful authority and contrary to the will of testator, it being expressly stated that it was devised on condition, and that the title should not vest until the conditions were complied with, and that it was the intention of the testator that in the event the share of Mrs. Zellner did not exceed the sum of $4150, as provided in his original will, she should not have any interest or share in the land known as the Jordan place. The land devised to Mrs. Zellner was to her for life, with remainder over to her children; and therefore it is necessary that the rents of the property be impounded to await the order and judgment of the court, and it is necessary for the executors to recover the property in order to administer the estate as provided in the will. In

view of the contentions of the parties, plaintiffs are not sure as to what their duty is in the premises. They believe, under the will, that it was the testator's intention that each of his named children should share equally in his estate, and, if any of his children have received an amount in excess of their distributive share, that they shall refund such amount with interest thereon, so as to make the interest of each of the heirs equal. Some of the heirs who have received an amount in excess of their distributive share insist that they have the privilege of occupying the lands devised to them and paying the amount named in the will as the value thereof and without paying any interest or rents on the lands from the date of the death of the testator. Wherefore plaintiffs " bring this petition for direction," and pray: (a) That it be determined by decree of the court whether the special devise to Mrs. Zellner under item 2 of the codicil has failed, and whether she has any interest in the same. (b) If the title to the property devised in item 2 of the codicil is not in Mrs. Zellner, but is in plaintiffs as executors, whether they can recover of Mrs. Zellner the lands and rents, issues, and profits during the time she has been in possession. (c) Mrs. Zellner having received under the will exclusive of the land devised by the codicil, whether she would be liable for the interest on such excess of her pro rata share in the estate from the date she received it, or from the date of the death of the testator. (d) That plaintiffs may recover of Mrs. Zellner the land known as the Jordan place, together with rents, issues, and profits arising from the same. (e) That plaintiffs be directed by the court as to whether under the will, where the legatees have received an amount in excess of their distributive shares, their legacy shall abate, and they be required to pay the plaintiffs, as executors, the difference between the amount they have received and their distributive share with interest thereon. (f) That such judgment or decree or direction be granted as will carry out the intention of the testator relative to an equal distribution of his estate. (g) That the court fix a time as to when interest shall run against any of the heirs of the testator on any excess they may have received out of the property or estate. (h) That the court impound the rents, issues, and profits from the property now in possession of Mrs. Zellner, known as the Jordan place, and with such person and under such terms and conditions as the court may deem advisable,

There was also a prayer for process. Mrs. Zellner and her children filed demurrers to the petition, upon the following grounds: (1) No cause of action is set out, either legal or equitable. (2) The terms of the will are plain and unambiguous, and do not require an interpretation by a court of equity. (3) The petition is multifarious. (4) There is a misjoinder of parties defendant. (5) The plaintiffs are not entitled to the relief sought against the defendants. The court sustained the demurrers and dismissed the petition; and the plaintiffs excepted.

*R. L. Maynard* and *Persons & Persons,* for plaintiffs.

*Ryals & Anderson* and *Willingham & Willingham,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. It appears that none of the legatees or devisees of W. T. Maynard were made parties to the petition, except the testator's daughter, Mrs. Zellner, her children, the children of Mrs. Amanda Lawson (another daughter of the testator)—Walter Lawson and W. T. Lawson, and W. T. Maynard. None of the defendants demurred to the petition, except Mrs. Zellner and her children; and as to them the petition was dismissed by the trial judge. The order of dismissal recites that the general demurrer is sustained upon each and all of the grounds thereof. In the view we take of this case it is impossible to determine what difference there will be between the value of the property devised to Mrs. Zellner and her children, if any, and the value of her distributive share in testator's estate, until the value of such share has been definitely determined. The petition does not allege that such share has been definitely ascertained, but it is merely alleged that the shares of the different legatees " will be approximately $3500." It seems to us, that, before a legatee under the will can be sued for the difference between the value of the land devised to her and the amount which has been estimated to be her distributive share under the will, it must be first determined in some definite manner just what that difference is. It is true that the petition alleges that testator in his will made $3500 a basis of distribution among his heirs, for the reason that he had bequeathed to several of his children property of that value; but we do not think that this alone is a sufficient reason for the executors' determining that the exact value of each share in testator's estate will be $3500, when in point of

fact he gave to his daughter Mrs. Zellner $4150, as appears from the petition. It was not so stated in the will, and it has not been so definitely determined otherwise. It is alleged: "by a decree rendered by this court on a report of an auditor appointed to hear and report all issues of fact and law in a proceeding, viz., E. T. Maynard et al. against your petitioners, wherein the auditor, in adjudicating the liabilities of the said estate as a partner in the banking business of W. T. Maynard & Co., found that the distributive share of each of the heirs in the said estate would not exceed the sum of $3500.00," etc. See, in this connection, *Maynard* v. *Maynard, 147 Ga.* 178 (93 S. E. 289, L. R. A. 1918A, 81). But it does not appear from the present petition that Mrs. Zellner and her children, the defendants in this suit, were parties to that proceeding, or who all the parties to that suit were. Therefore we do not see how the proceeding in that case could be binding upon Mrs. Zellner in this, unless she and her children were parties thereto. It appears from the petition that the will of testator provided that all of his children should share equally in his estate; and his executors were charged with the duty of carrying out this provision of equality in the distribution of the estate. It is necessary, therefore, to first determine what the value of testator's estate is, what advancements have been made to each legatee, if any, in order to arrive at what the difference is between the property devised and the share that each legatee should receive, in order that the executors may know definitely for what amount to sue any given legatee who has received more than his proportionate share of the estate, in order to equalize the others with such legatee.

2. By item 2 of the codicil the testator devised certain land to his daughter, Mrs. Zellner. In this item it is provided: "To my daughter, Ellen Zellner, wife of J. N. Zellner, I will and bequeath, in addition to the property heretofore demised to her and her children [property known as the Jordan place], to her for and during her natural life, with remainder over to her children, share and share alike. I value this property at twelve hundred-dollars. It is my will that my said daughter shall share equally with my other children in the division of my estate; so I direct that in the event the value of this property, and that heretofore demised to her and her children, as herein provided, shall exceed in amount her distributive share in my estate, she shall pay to my executors in cash

such sum or amount as the value of said property may exceed her distributive share in my estate. That my executors shall not approve this bequest, nor shall the title to the property herein demised vest until said difference, if any, shall have been paid to my executors. I direct that in the event she fails or declines to pay the difference, if any, between the value of said property and her distributive share in my estate, then so much of said property herein demised and bequeathed to may daughter Ellen, as may be necessary, be sold by my executors to pay the difference, if any, between the value of all the property demised to her and her distributive share in my estate." From reading this item of the codicil it is apparent that it would be impossible to determine the value of all the property devised to Mrs. Zellner and her children, and the value of their distributive share in testator's estate, until each distributive share has been definitely and finally ascertained. Nor do we think that the language of the devise constitutes a condition precedent, and that it does not prevent the devise from becoming effective, nor does it provide for a forfeiture of the devise, but that it creates a charge against the land for the amount of the difference between the value of all of the property devised to Mrs. Zellner and her children and the amount of their distributive share in the testator's estate. The codicil provides the manner in which this charge may be enforced; it provides for the sale of so much of the property devised as may be necessary to pay the difference, if any. We think that this provision for the enforcement of the payment of whatever difference there may be is inconsistent with the idea that the devise has *failed,* or that it was intended to be a condition precedent. There is nothing in the codicil intimating or indicating a forfeiture of the devise on failure of the devisees to pay the difference between the value of their distributive share and the value of the devise, which had been fixed by the testator himself. Even if the language in the codicil is held to be a condition precedent, without any express or necessary implication that its breach shall work a forfeiture of the estate, there are authorities which hold that such language should be regarded as creating a charge or trust upon the land or fund, to be enforced as other charges and trusts, and not as a limitation upon the estate devised. 40 Cyc. 1697 e. *Prince* v. *Barrow,* 120 *Ga.* 810 (2), 817, 820 (48 S. E. 412). In the latter case it was said by Fish, P. J.: " The general rule is,

that when a testator gives property to one person with or upon condition that such person shall give a designated portion of such property or its proceeds to another person, a non-compliance with the condition by the immediate devisee or legatee does not work a forfeiture of the estate created by the will." See also 40 Cyc. 2034 c. It is true that the testator expressly provides that his executors shall not approve this bequest, and that the title to the property devised shall not vest until the difference, if any, shall have been paid to the executors; and then he provides that in the event of failure to pay the difference, so much of the property devised as may be necessary shall be sold to pay the difference, if any. It was evidently the intention of the testator that his executors should retain the title to the property devised, in order to secure the payment of the difference whenever the same was ascertained. In this connection it will be noted from the petition that the devisee, Mrs. Zellner, tendered to the executors, or offered to pay the value of the land devised by the codicil, which value was fixed by the testator himself at twelve hundred dollars; but the executors declined to accept this amount, for the alleged reason that the property is worth more now than the amount fixed by the testator. We think that the value placed upon the land by the testator will control. *Oglesby* v. *Oglesby,* 30 *Ga.* 348. It will be observed that in the devise contained in the codicil there is no limitation over upon failure of the devisees to pay the amount of the difference, if any, which may be required of them by the executors. This is an added reason, we think, why the testator did not intend that the devise should fail if the devisees failed to pay the difference between the distributive shares and the value of the property which had been received by them. See, in this connection, Hannah's Appeal, 31 Pa. (17 Casey) 53.

3. The trial judge properly sustained the demurrers and dismissed the petition. This petition can not be construed as a bill for direction, but must be construed as a petition for recovery of this particular property devised to Mrs. Zellner, together with rents, issues, and profits. The second item of the codicil did not constitute a condition precedent. The devise to Mrs. Zellner and her children is a specific legacy and devised under condition; and the statement in the codicil that the executors should not assent to the legacy simply means no more than a reservation of title for the pur-

pose of making effective the charge on the land, in the event the distributive share of this legatee in the estate did not amount to as much as the specific devises made to her. Petitioners are *assuming* that her share in the estate will not amount to as much as these specific legacies. Until they have administered the estate and ascertained the amount that each devisee shall receive, they can not maintain a petition to enforce the charge on the property and to compel Mrs. Zellner to pay it to them as executors on the *assumption* that the distributive shares are of a specified amount. They must ascertain in some *legal manner* what the values of the shares are. The executors are premature in bringing this action, because the legacies are based on their own calculation. This legacy does not fail, but it vests in the legatees, subject to the charge on the land devised. This petition, properly construed, is one merely for the recovery of this land, together with the rents, issues, and profits. The construction of the will is involved only in so far as the plaintiffs allege that this legacy has failed or lapsed. Construing the petition in this way, the petition does not lie for the recovery of the land devised by the codicil. In a proper case and upon a final settlement of this estate, the executors may be able to charge Mrs. Zellner with an amount equal to all the others; but until finally settled, or a proper case is brought, and the devisees here are made parties, the executors can not maintain this suit. This is not a devise upon a condition precedent that defeats this legacy. It is merely made subject to a charge on it, in order to equalize the shares. The devise under item 2 of the codicil vested the title to the land in Mrs. Zellner for life, and in her children in remainder. Until it is finally ascertained, on a final settlement, in which all the devisees are parties, the petition in this case is to be construed as merely alleging a conclusion of the executors as to the amount of the distributive shares.

In view of the above ruling there is no legal basis for recovery in the petition as brought; and the court did not err in sustaining the demurrer and in dismissing the case.

*Judgment affirmed. All the Justices concur.*