THOMAS *et al.,* executors, *v.* KING *et al.*

No. 11278.   MAY 13, 1936.

466

*Courtland S. Winn* and *McElreath, Scott, Duckworth & DuVall,* for plaintiffs in error.

*C. E. Kay* and *James H. Dodgen,* contra.

BELL, Justice. The court did not err in rendering judgment in favor of the plaintiffs. "Legacies may be either general or specific. A specific legacy is one which operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy." Code of 1933, § 113-808. "A demonstrative legacy is one which designates the fund or property from which it is to be satisfied, but is nevertheless an unconditional gift to the legatee of the amount or value specified. That it names a particular fund or other property from which it is to be satisfied is considered to be demonstrative of a convenient mode of payment; if that mode fails, the legacy is to be satisfied out of the general assets of the estate. A demonstrative legacy differs from a general legacy in that it does not, in the first instance, abate upon insufficiency of assets to pay the debts of the estate and the expenses of distribution; it differs from a specific legacy in that there is recourse for its payment from the general assets of the estate in the event of ademption in part or in whole." Redfearn on Wills and Administration of Estates, 266, quoted with approval in *Owens* v. *Citizens & Southern National Bank*, 177 *Ga.* 289, 295 (170 S. E. 196). In *Tennille* v. *Phelps*, 49 *Ga.* 532, 541, it was said that "where a general money legacy is given, the testator is not to be presumed to have intended to make it dependent upon the existence of a fund merely because he has indicated that it is to be paid out of that fund. On the contrary, if the will gives a money legacy, and a particular fund is charged with the payment of it, the presumption is that this only indicates an intention to furnish an additional security for its payment; since, if the fund charged is sufficient, the legacy shall not abate, though the condition of the estate is such that other general legacies are compelled to abate." In *Morton* v. *Murrell*, 68 *Ga.* 141, 146, it was said: "The courts in general are averse to construing legacies to be specific, and the intention of the testator with reference to the thing bequeathed must be clear." The presumption is stronger that a testator intends an unqualified benefit to a legatee than that he intends some benefit only upon a collateral condition. *Bailes* v. *Halsey*, 179 *Ga.* 182, 185 (175 S. E. 472). See 'also *Thompson* v. *Stephens*, 138 *Ga.* 205 (75 S. E. 136); *Tinsley* v. *Maddox*, 176 *Ga.* 471 (13), 484 (168 S. E. 297). The intention of the testator is to be gathered from the entire will, and the will must be given

effect according to such intention if it can be legally done. The general intention of a testator will prevail over a particular intention. *Robert* v. *West*, 15 *Ga.* 122 (4).

The codicil provided that the stock referred to in connection with these legacies might be divided by the executors at any time they might determine it wise to do so; and yet, according to item 4 of the original will, a stated amount was to be paid to each of these legatees monthly for the remainder of their natural lives, respectively; and still other provisions of the will were made subject to these legacies. Considering the will as a whole, and viewing it in the light of the circumstances, we can not agree that it was the intention of this testator to cause the payment of these legacies to be dependent upon the productivity of the stock in question. The judge properly held that the legacies should be paid from other available assets.

The present case differs on its facts from *Hart* v. *Brown*, 145 *Ga.* 140 (88 S. E. 670), in which the will not only gave to certain grandchildren the interest on certain specified deposits in banks, but also bequeathed the amount of these deposits to the same grandchildren, payable in installments,—thus showing an intention that the legacies should be paid from specified funds, and not otherwise. *Judgment affirmed. All the Justices concur.*