BOYKIN *et al.* v. BRADLEY, executor, *et al.*

No. 13586. MAY 17, 1941.

*O. W. Roberts Jr.,* for plaintiffs in error.
*Boykin & Boykin,* contra.

JENKINS, Justice. Provisions which are restrictive of what would ordinarily otherwise be a lawful right to sell property, not being favored, will not be extended by construction further than as is clearly restricted by the terms of the instrument. Accordingly, a provision in a will that certain property "be kept together in the family and . . never disposed of until my youngest grandchild shall reach the age of majority" should, under the foregoing principle and irrespective of any question of the application of the rule against perpetuities (see in that connection Code, §§ 85-707, 85-801; *Murphy* v. *Johnston,* 190 *Ga.* 23, 8 S. E. 2d, 23), be construed, in the absence of any contrary direction or indication from other testamentary language, to mean the youngest grandchild living at the time of the testator's death or born within the usual period of gestation thereafter. 45 Words & Phrases, 661; In re Fellion's Estate, 132 Misc. 805 (231 N. Y. Supp. 9 (8), 14); In re Sand's Will, 3 N. Y. Supp. 67, 69; Roe *v.* Vingut, 49 Hun, 607 (1 N. Y. Supp. 914); Cooper *v.* Heatherton, 65 App. Div. 561, 565, 73 N. Y. Supp. 14); Simpson *v.* Cook, 24 Minn. 180 (2), 185, 186. In this petition for construction of a will, filed by the executor after the death of the testator's widow, the life-tenant, with remainder to the testator's children, no question is raised as to the title or disposition of the property under the will. The sole question involved relates to whether, after the youngest grandchild of the testator, who was in life at the time of his death, has now attained her majority, the executor must, under the quoted provision, continue to keep the property together in order to await the possible birth and maturity of future grandchildren, or whether he is now authorized to sell the property if otherwise permitted by law. The judge did not err in construing the will as meaning the youngest grandchild living at the time of the death of the testator.

*Judgment affirmed. All the Justices concur.*