21245.   BROACH *et al.* v. HESTER, Executrix, *et al.*

Argued June 12, 1961—Decided July 6, 1961.

*Jas. W. Arnold,* for plaintiffs in error.

*James M. Roberts,* contra.

Grice, Justice.   This case involves the issue of validity or invalidity of a testamentary condition in terrorem.

The testator, William A. Hester, Sr., by Item 2 of his will, bequeathed and devised a life estate in all of his property to his wife, with remainder over to two of his sons, O. N. Hester and

C. A. Hester, who were also named executors. He further recited that "My said two sons named in this item are to pay to my other children . . . the sum of Two Hundred Dollars, each if living, otherwise to their children, when they take possession of said property." Then, by Item 4, he bequeathed to those children two hundred dollars each, "to be paid them by [the two sons] when they go into possession of said lands, as provided in Item 3."

Item 6 of the will declared, "I desire my property to be handled with the least possible expense and herein direct and provide that if any one of my said children take any steps to cause any expense in probating this my will or contesting same any way, that such child shall forfeit any and all benefits under terms hereof."

Upon the death of the testator his will was offered for probate. Six of the seven children to whom the two hundred dollars was bequeathed by Items 3 and 4 filed a caveat to the will but were unsuccessful in both the court of ordinary and upon appeal to the superior court.

When the life tenant died, O. N. Hestor and C. A. Hester, the remaindermen-executors, now defendants in error here, went into possession of all of the property, but did not pay the legacy to each of the seven children as provided in Items 3 and 4.

A short time after taking possession of the property, the two executors filed with the court of ordinary their application for discharge, alleging that they had fully administered the estate of the testator. The seven children, legatees as aforesaid, interposed their caveat to the application for discharge, alleging, among other things, death of the life tenant, possession of the property referred to in Item 3 by the remaindermen-executors and their refusal to pay the legatees the two hundred dollars each. Upon judgment in favor of the executors, an appeal was effected to the Superior Court of Walton County, Georgia, by six of the seven caveators. The superior court affirmed the judgment and that ruling is assigned as error here.

The position of the plaintiffs in error is that although Item 6 attempts to provide an in terrorem clause, it fails because the will nowhere includes a limitation over to some other person and,

therefore, the clause is void, citing *Code* § 113-820. On the other hand, the defendants in error contend that this will contains a limitation over and that the in terrorem clause is thus valid. These diverse contentions frame the one issue here—validity or invalidity of the condition in terrorem.

"In terrorem" is defined as "In terror or warning; by way of threat. Applied to legacies given upon condition that the recipient shall not dispute the validity or the dispositions of the will; such a condition being usually regarded as a mere threat." Black, Law Dictionary (4th ed.), p. 901.

Our *Code* § 113-820, declares as follows: "A condition in terrorem shall be void, unless there is a limitation over to some other person; in which event the latter shall take. Conditions which are impossible, illegal, or against public policy shall be void."

Precisely, then, the question here is whether this will, insofar as the legacies of the plaintiffs in error are concerned, contains "a limitation over to some other person."

The provision for payment of the legacies to the plaintiffs in error requires them to be paid by the two defendants in error "When they take possession of said property" (Item 3) and "when they go into possession of said lands, as provided in Item 3" (Item 4), and this amounts in law to a charge. "A charge is most often found in cases where the testator has given property to one person with the provision that he pay a certain sum to another person . . . under our law annuities, debts, or legacies charged on land by will, attach to the land as equitable liens . . . " Redfearn, Wills and Administration of Estates in Georgia, pp. 260-261.

Thus, unless a forfeiture resulted pursuant to the in terrorem clause, from the contest to the probate of the will, the two sons were required to pay these legacies upon entering into possession, and upon their failure to do so the land was liable for their payment. A forfeiture results, or does not, depending upon whether the will provided a limitation over to some other person in the event of breach of the condition.

In considering whether there exists a limitation over to some other person, as required by *Code* § 113-820, we find the rule,

generally, to be well established that even an alternative bequest to the residue will not suffice. "A condition in terrorem will be sustained where the will especially directs that the share of the person violating the condition shall fall into the residue; but a *mere general gift of the residue, or a gift over to the testator's estate,* is *not* such a gift over as will take the case out of the operation of the foregoing rule as to conditions in terrorem, although there is some authority to the contrary, A general residuary clause is not of itself regarded as a substitute for, or as the equivalent of, a gift over; and a gift to heirs may not be a gift over." (Emphasis supplied.) 96 C.J.S. 481, "Wills," § 992. See also 19 Am. Jur. 523, "Estates," § 63; Page, Wills, pp. 817-824; 67 A.L.R. 52.

The requirement in *Code* § 113-820 is that there be a "limitation over to some *other person;* in which event the *latter* shall take." (Emphasis supplied.) This court has never passed upon what language constitutes a limitation over within the purview of this Code section. In a nontestamentary situation, "limitation over" was defined as "including any estate in the same property created or contemplated by the conveyance to be enjoyed after the first estate granted expires or is exhausted." *Ewing v. Shropshire,* 80 Ga. 374, 378 (7 SE 554).

Here, there is *no* specified alternative, not even a general gift to the residue. Nor is there a resulting or implied limitation over, as contended. No gift over "in effect" was provided by the fact that the result of forfeiture by the legatees here would be that the two sons would keep the money. The real effect of forfeiture would be to relieve the land of the charge and would not constitute a gift over to another person. Nor was a limitation established by the provision in Item 3 that the legacies be paid to each of the seven children, "if living, *otherwise* to their children . . . " (Emphasis supplied.) This was not a limitation over as contemplated by the Code section because, under this provision the legacies would go over, not because of any violation of the in terrorem clause, but because of the death of a legatee.

There being no limitation over to some other person in the event of breach, the condition in terrorem was void. It follows

that the caveat to the application of the executors for discharge was meritorious and should have been sustained.

*Judgment reversed. All the Justices concur.*