21527.   TAYLOR v. RAPP, Executrix, *et al.*

SUBMITTED JANUARY 17, 1962—DECIDED FEBRUARY 9, 1962—REHEARING DENIED FEBRUARY 20, 1962.

*Hugh Head, Jr.*, for plaintiff in error.

*Buchanan, Edenfield & Sizemore, Newell Edenfield*, contra.

MOBLEY, Justice. ■ Plaintiff in error contends that Item III of the will constitutes an "in terrorem" clause which would render the will nugatory.

We cannot agree with that contention as it is clear that the clause in question is not an "in terrorem" clause.

Black's Law Dictionary, 4th ed., pp. 901, 902, defines "in terrorem" as follows: "In terror or warning; by way of threat. Applied to legacies given upon condition that the recipient shall not dispute the validity or the dispositions of the will." See *Cohen v. Reisman*, 203 Ga. 684 (4) (48 SE2d 113).

Even if the clause were an in terrorem clause, such clauses are valid in this State so long as there is a limitation over to some other person and so long as the condition imposed is not impossible, illegal, or against public policy. *Code* § 113-820.

Although the plaintiff in error argues that a condition in a will which is in restraint of marriage is void, citing *Code* § 53-107 as authority for her argument, it is clear that the second sentence of that section, when applied to the facts of the case under consideration, completely undermine the contention of the plaintiff in error.

"Marriage is encouraged by the law, and every effort to restrain or discourage marriage by contract, condition, limitation, or otherwise, shall be invalid and void. *Prohibiting marriage to a particular person or persons*, or before a certain reasonable age, or other prudential provisions looking only to the interest of the person to be benefited, *and not in general restraint of marriage will be allowed and held valid.*" Code § 53-107. (Italics ours.)

It is clear that the restraint set out in the will in question was a specific restraint, i. e., the plaintiff in error was restrained from marrying a particular person, and therefore the provision was not void.

■ Plaintiff in error also contends that, even if Item III of the will is valid, Item V gives an estate to her notwithstanding the provision in Item III.

It is well settled that the general intention of the testator, as gathered from the entire will, must prevail over a particular intention gathered from a part of the will. *Robert v. West & Reid*, 15 Ga. 122 (4); *Sumpter v. Carter*, 115 Ga. 893 (42 SE 324, 60 LRA 274); *Rowland v. Mathews*, 153 Ga. 849 (113 SE 442); *Thomas v. King*, 182 Ga. 463 (185 SE 820).

Viewing the will in its entirety, there can be no question but that the testator intended for the plaintiff in error to share in his portion of his father's estate only if the exclusion set out in Item III never came into operation. Item V provides what plaintiff in error would have taken had she never married Taylor thereby causing her exclusion under the will as provided by Item III.

This construction gives effect to both Item III and Item V of the will and is, in the view we take of this case, the only reasonable construction possible.

In view of the foregoing it was not error for the trial court to sustain the general demurrer to the petition of the plaintiff in error.

*Judgment affirmed. All the Justices concur.*