37024, 37025. LINKOUS v. NATIONAL BANK OF GEORGIA
(two cases).

UNDERCOFLER, Justice.

In this case, we are called upon to examine the validity of an "in terrorem" clause forbidding any challenge to a will under penalty of forfeiture. Such clauses are permitted by statute, Code Ann. § 113-820, but are not favored in the law and, like all restrictions, must be strictly construed, *Boykin v. Bradley,* 192 Ga. 212 (14 SE2d 734) (1941). The trial court held the clause in this will invalid. We affirm.

National Bank of Georgia, as executor and trustee under the will of Nelson T. Levings, filed its petition for a declaratory judgment as to certain aspects of the will not now here before us. Guardians ad litem were appointed to represent various groups of heirs. When the trial court made the initial determination that the in terrorem clause was invalid, those guardians interested in its enforcement appealed.

Code Ann. § 113-820 provides: "A condition in terrorem shall be void, *unless there is a limitation over to some other person;* in which event the latter shall take . . ." (Emphasis supplied.) Article Sixteenth of Levings' will contains the following: "If any beneficiary under this, my will, shall in any manner, directly or indirectly attempt to contest or oppose the probate or validity of this, my will, or any codicil thereto, in any court, or commence or prosecute any legal proceedings of any kind in any court to set aside this, my will, or any codicil thereto, then in that event such beneficiary shall forfeit and cease to have any right or interest whatsoever under this, my will, or under any codicil hereto, or in any portion of my estate and, in such event, I *hereby direct that my property and estate shall be disposed of in all respects as if such beneficiary had predeceased me."* (Emphasis supplied.) Appellants contend that this article contains a specific limitation over such that the in terrorem clause must be upheld. We disagree.

In *Broach v. Hester,* 217 Ga. 59, 62 (121 SE2d 111) (1961), we quoted 96 CJS Wills, § 992: " 'A condition in terrorem will be sustained where the will especially directs that the share of the person violating the condition shall fall into the residue; but a mere general gift of the residue, or a gift over to the testator's estate, is not such a gift over as will take the case out of the operation of the foregoing rule as to conditions in terrorem, although there is some authority to the contrary. A general residuary clause is not of itself

regarded as a substitute for, or as the equivalent of, a gift over; and a gift to heirs may not be a gift over.' " There was a specific gift over to the residuum, to which there were clearly named beneficiaries in *Fuller v. Fuller,* 217 Ga. 316 (122 SE2d 234) (1961), and the in terrorem clause was sustained. The same principles apply here.

The only language which would arguably give rise to a limitation over is "in such event, I hereby direct that my property and estate shall be disposed of in all aspects as if such beneficiary had predeceased me." The will provides for such a contingency, but does so in an indefinite manner[1] that does not meet the requirement that there be a specific "limitation over to some other person," Code Ann. § 113-820. Compare also *Taylor v. Rapp,* 217 Ga. 654 (124 SE2d 271) (1962), and *Lanier v. Lanier,* 218 Ga. 137 (126 SE2d 776) (1962). Since we have held that the trial court correctly ruled that the in terrorem clause is invalid, we need not reach the remaining enumerations of error.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who concurs specially and Marshall, J., who concurs in the judgment only.*

DECIDED FEBRUARY 10, 1981 —
REHEARING DENIED MARCH 12, 1981.

*Powell, Goldstein, Frazer & Murphy, William Linkous, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Ronald W. Hartley, Hurt, Richardson, Garner, Todd & Cadenhead, James H. Morgan, Rogers & Hardin, Joseph C. Miller, Northcutt, Edwards, Germano, Nix & Page, James A. Nix,* for appellee.

HILL, Presiding Justice, concurring specially.

The law does not favor the probate of invalid wills. Hence, in terrorem clauses are not favored.* In terrorem clauses therefore must be strictly construed.

---

[1] A typical provision from the will reads: "If ORSON shall not survive me, but SANFORD shall survive me, then ORSON's share of such property shall at my death be paid over and distributed to SANFORD, or if he is not then living then to ORSON's issue *per stirpes* who shall survive me; or, if none, then *per stirpes* to my issue who shall survive me; or if none then to the said ALPHA GAMMA FOUNDATION."

* On the other hand, the law does not favor unnecessary litigation. Unfortunately, Code Ann. § 113-820 is not conditioned upon whether the litigation was unnecessary,

This in terrorem clause only applies to contests or opposition to probate or validity of *the will* and to legal proceedings to set aside *the will*. Strictly construed, this in terrorem clause therefore does not apply to legal proceedings to contest the validity of a provision of the will (as opposed to the validity of the will as a whole).

---

or was necessary to protect the integrity of the process by which estates are administered. It is conditioned upon whether there was "a limitation over to some other person."