S02A0834. PREUSS v. STOKES-PREUSS et al.
(569 SE2d 857)

SEARS, Presiding Justice.

This appeal involves the issue whether an in terrorem clause in a will applies to an action to remove a co-executor of the will. The probate court ruled that the clause did not bar such an action, and for the reasons that follow, we affirm.

The appellant, Charles Preuss (Mr. Preuss), and the appellee, Willowreen Stokes-Preuss (Ms. Stokes-Preuss), are the co-executors of Harold Preuss's will. Mr. Preuss and Ms. Stokes-Preuss are also beneficiaries under the will. The will contains an in terrorem clause that provides that if any beneficiary of the will contests

the validity of the will or any provision thereof, or institute[s] any proceeding to contest the validity of this will or any provision hereof or to prevent any provision hereof from being carried out in accordance with its terms (whether or not in good faith and whether or not with probable cause), or contest[s] on the basis of an oral contract or agreement in any way, any dispositive provision of this will or any codicil hereto, or make[s] any claim against my estate or any trust

created hereunder for any reason whatsoever except (1) for claims based upon an instrument in writing signed by me or (2) for claims arising due to benefits provided for such claimant or litigant under this instrument or codicil thereto, then all the benefits provided for such beneficiary in this will are revoked and annulled.

Ms. Stokes-Preuss filed this declaratory judgment action stating that she wanted to bring an action, as an individual beneficiary and as a co-executor, to remove Mr. Preuss as a fiduciary and that she wanted a determination as to whether the in terrorem clause would apply to such an action. The probate court held that an action to remove Charles as executor would not trigger the application of the in terrorem clause, and on appeal, Mr. Preuss contends that the probate court erred in so holding. We disagree.

Because in terrorem clauses result in forfeitures, they must be strictly construed.[1] The in terrorem clause in question provides that only a *beneficiary* forfeits his or her interest in the estate if he or she brings an action that falls within the scope of the clause, and it does not prohibit or address actions by co-executors. Strictly construing the in terrorem clause, we thus conclude that it does not apply to an action by one co-executor to remove another co-executor.[2] Accordingly, an action by Ms. Stokes-Preuss, as executor, to remove Mr. Preuss would not violate the in terrorem clause. Because of this holding, we need not decide a related issue raised by this case, which is whether an in terrorem clause violates public policy when it requires the forfeiture of a beneficiary's interest when he or she brings an action to remove an executor.[3]

For the foregoing reasons, we affirm the judgment of the probate court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Adam R. Gaslowitz*, for appellant.
*Spears & Spears, John W. Spears, Jr., Malane T. Spears, McCurdy & Candler, John W. Drake, Richard J. Dreger*, for appellees.

---

[1] See *Linkous v. Nat. Bank of Ga.*, 247 Ga. 274 (274 SE2d 469) (1981); *Conte v. Conte*, 56 SW3d 830, 832 (Tex. App. 2001); *Estate of Ferber*, 66 Cal. App. 4th 244, 249-250 (Cal. App. 4th Dist. 1998).

[2] *Conte*, 56 SW2d at 832-833.

[3] See *Cohen v. Reisman*, 203 Ga. 684, 685-686 (4) (48 SE2d 113) (1948); *Estate of Ferber*, 66 Cal. App. 4th at 252-255.