## S05A0708. COX v. FOWLER.
### (614 SE2d 59)

CARLEY, Justice.

After Rogers Rhine Turner died, his two daughters, Francie Evelyn Cox and Janice Eloise Fowler, litigated their respective rights to his estate. See *Fowler v. Cox*, 264 Ga. App. 880 (592 SE2d 510) (2003). Ms. Cox asserted, among her other claims, that Ms. Fowler should be disinherited for violating the in terrorem clause of their father's will, which provides:

> Should any beneficiaries hereunder contest or initiate legal proceedings to contest the validity of this Will or any provision herein or to prevent any provision herein from being carried out in accordance with its terms (whether or not in good faith and with probable cause), then all the benefits provided in this Will for such contesting beneficiary, and any of such beneficiary's descendants, are revoked and annulled. Such benefits, if not a part of the residue, shall go over to and become a part of the residue of the estate. If such contesting beneficiary is a beneficiary under any Item of this Will that disposes of the residue of my estate, such contesting beneficiary, and his or her descendants, shall cease to be a member of the class of beneficiaries to whom distributions are required or permitted to be made under such Item and, upon final division and distribution of the property passing under such Item, the share to which such contesting beneficiary and his or her descendants would otherwise have been entitled shall go over and be distributed to my daughter, JANICE ELOISE FOWLER, if then living, but if she is not then living, then to her then living descendants, per stirpes, provided that JANICE ELOISE FOWLER and her descendants are not contesting beneficiaries.

On motion for summary judgment, the issue of whether Ms. Fowler had violated the provision was not reached, because the trial court found that the clause was void for failure to give direction as to the disposition of the property that would have gone to her if she was the contesting beneficiary. Ms. Cox appeals from that order of the trial court construing the will.

Under the former law, an in terrorem clause was void unless it expressly named a person who would take in the event that the will was contested. "In considering whether there exist[ed] a limitation over to some other person, as required by [the prior law], . . . the rule, generally, [was] well established that even an alternative bequest to the residue [would] not suffice." *Broach v. Hester*, 217 Ga. 59, 61-62 (121 SE2d 111) (1961). Under current law, however, the clause is not deemed void unless the testator failed to provide "a direction in the will as to the disposition of the property if the condition in terrorem is violated . . . ." OCGA § 53-4-68 (b).

Thus, the present statute does not require that an *individual* must be named as an authorized alternative beneficiary. "The rules of statutory interpretation demand that we attach significance to the Legislature's action in removing the . . . limiting language. [Cit.]" *Transportation Ins. Co. v. El Chico Restaurants*, 271 Ga. 774, 776 (524 SE2d 486) (1999). In matters of statutory construction, "we look diligently for the General Assembly's intention, bearing in mind relevant old laws, evils sought to be addressed and remedies interposed. [Cit.]" *Termnet Merchant Svcs. v. Phillips*, 277 Ga. 342, 344 (1) (588 SE2d 745) (2003). Therefore, as noted in the comment to OCGA § 53-4-68, the legal effect of that Code section is to broaden the scope of the previous law

> by allowing a condition in terrorem to take effect not merely in the event there is a limitation over to some other named person (as provided in the former statute) but rather in any case in which the will contains directions as to how the property is to be distributed if the condition in terrorem is violated.

"The cardinal rule in construing a legislative act, is ' "to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." ' [Cit.]" *Carringer v. Rodgers*, 276 Ga. 359, 363 (578 SE2d 841) (2003). Giving effect to the General Assembly's elimination of the requirement that an in terrorem clause name a person as the alternative beneficiary necessarily means that the will may now direct that a forfeited bequest or devise become part of the residue. Accordingly, the relevant inquiry in this appeal is whether Mr. Turner's will made provision for either an individual or the residuary estate to take the property which was forfeited by a beneficiary who, contrary to his testamentary intent, contested the instrument. If he did, then the law mandates that his "direction in the will shall be carried out." OCGA § 53-4-68 (b).

Under the terms of the in terrorem clause contained in Mr. Turner's will, such property as would otherwise go to a contesting beneficiary, "if not a part of the residue, shall go over to and become a part of the residue of [the] estate." Should the contesting beneficiary be a beneficiary under the residuary clause, the will specified that "such contesting beneficiary, and his or her descendants, shall cease to be a member of the class of beneficiaries to whom distributions are required or permitted to be made under such" residuary clause. The testator specified that the forfeited share would pass through the residuary clause to Ms. Fowler, "if then living, . . . provided that [she] . . . [is] not [a] contesting beneficiar[y]."

Thus, Mr. Turner clearly directed that, if any beneficiary other than Ms. Fowler contested his will, the forfeited share would pass to her through the residuary clause. If, on the other hand, Ms. Fowler was the contesting beneficiary, then his direction was that her forfeited share pass to the non-contesting beneficiaries of the residuary estate. Thus, in compliance with the requirements of OCGA § 53-4-68 (b), Mr. Turner gave direction as to the alternative disposition of a contesting beneficiary's share.

While the will does not make a specific direction for the disposition to another "person" of any property forfeited by Ms. Fowler, this case is not controlled by the former statute, as construed in *Broach*. Mr. Turner's obvious intent in the event that Ms. Fowler contested the will was that she forfeit and that her share pass to the residuary estate for distribution to the non-contesting beneficiaries. That is a "direction" which fully complies with the requirements of OCGA § 53-4-68 (b).

Moreover, Mr. Turner's desire if Fowler is the contesting beneficiary is not unclear. His unmistakable testamentary intent was that she be treated the same as any other *contesting* beneficiary. Under the in terrorem clause, Ms. Fowler gains if another beneficiary elects to contest the will, but she loses, as would any other beneficiary, if she chooses to contest the instrument. That is true because the clause specifies that she is to receive the forfeited share "provided" that she is not a contesting beneficiary. Thus, giving effect to the in terrorem clause does not result in the anomalous circumstance whereby Ms. Fowler recovers under the residuary clause such property as she otherwise forfeited by contesting the instrument.

Under a proper construction of OCGA § 53-4-68 (b), the in terrorem clause in Mr. Turner's will is valid and enforceable. The testator's clear intent was that property forfeited by any beneficiary, including Ms. Fowler, pass through the residuary clause and that any contesting beneficiary, including Ms. Fowler, lose the right to take under that clause. Because the clause provides for an alternative disposition of forfeited property in the event of a challenge, Mr.

Turner's "direction in the will shall be carried out." OCGA § 53-4-68 (b). Therefore, the judgment below must be reversed with direction that, on remand, the trial court address the issue of whether Ms. Fowler violated the clause and, thus, forfeited her right to take under the will.

*Judgment reversed and case remanded with direction. All the Justices concur, except Fletcher, C. J., and Benham, J., who dissent.*

FLETCHER, Chief Justice, dissenting.

The in terrorem clause in Turner's will does not give direction as to the disposition of property if Fowler violates the clause, and is therefore void under OCGA § 53-4-68 (b). For this reason, I dissent.

Although the majority opinion sets forth the in terrorem clause in full, I reprint it here for the discussion that follows:

> Should any beneficiaries hereunder contest or initiate legal proceedings to contest the validity of this Will or any provision herein or to prevent any provision herein from being carried out in accordance with its terms (whether or not in good faith and with probable cause), then all the benefits provided in this Will for such contesting beneficiary, and any of such beneficiary's descendants, are revoked and annulled. Such benefits, if not a part of the residue, shall go over to and become a part of the residue of my estate. If such contesting beneficiary is a beneficiary under any Item of this Will that disposes of the residue of my estate, such contesting beneficiary, and his or her descendants, shall cease to be a member of the class of beneficiaries to whom distributions are required or permitted to be made under such Item and, upon final division and distribution of the property passing under such Item, *the share to which such contesting beneficiary and his or her descendants would otherwise have been entitled shall go over and be distributed to my daughter, JANICE ELOISE FOWLER, if then living, but if she is not then living, then to her then living descendants, per stirpes, provided that JANICE ELOISE FOWLER and her descendants are not contesting beneficiaries.*

(Emphasis supplied.)

To sustain an in terrorem clause against attack, OCGA § 53-4-68 (b) requires "a direction in the will as to the disposition of the property if the condition in terrorem is violated." As this Court recently stated, "[b]ecause in terrorem clauses result in forfeitures, they must be

strictly construed."[1]

There is direction that satisfies OCGA § 53-4-68 (b) if *Cox* is the contesting beneficiary. The portion of the clause italicized above clearly provides that if Cox is the contesting beneficiary, her portion of the estate is directed to Fowler or Fowler's descendants.

There is no reciprocal provision, however, if *Fowler* is the contesting beneficiary. The most that can be said is that the clause's second sentence directs Fowler's portion of the estate to the residuary. But the residuary goes to both Fowler and Cox under another provision of the will, and thus *Fowler's forfeited property is directed to Fowler*. It is because of situations like this that we noted in *Broach v. Hester* the "well established [rule] that even an alternative bequest to the residuary will not suffice"[2] to save an in terrorem clause. Instead, there must be a specific direction for the disposition of the forfeited property, and in this case, despite the majority opinion's strained reading, there is not in the event of a will contest by Fowler.

Turner's reason for not including such a direction is apparent from other provisions of the will. Item 4 of the will provides that Turner's tangible personal property was to be distributed according to a written instrument, unless no such instrument existed, in which case it was to be distributed to Fowler. Item 5 of the will, the residuary clause, distributed 75% of Turner's remaining property to Fowler and 25% to Cox.[3] Item 5 also explains why Turner chose to leave Fowler the bulk of his property. It states: "The reason that I have given a greater share of my estate to JANICE ELOISE FOWLER than to FRANCIE EVELYN COX is that I have a close relationship with JANICE ELOISE FOWLER, but FRANCIE EVELYN COX and I have been estranged since my divorce from her mother."

The majority opinion holds that OCGA § 53-4-68 (b), which requires only a "direction" as to the disposition of property, broadens former OCGA § 53-2-107 (and before it Ga. Code Ann. § 113-820), which required "a limitation over to some other person." Pretermitting that the new statute is broader,[4] it still requires a specific

---

[1] *Preuss v. Stokes-Preuss*, 275 Ga. 437, 437 (569 SE2d 857) (2002), citing *Linkous v. Nat. Bank of Ga.*, 247 Ga. 274 (274 SE2d 469) (1981).

[2] 217 Ga. at 62. Compare *Lanier v. Lanier*, 218 Ga. 137, 145 (126 SE2d 776) (1962) (upholding in terrorem clause which provided that if a beneficiary violated the clause, such beneficiary's bequest " 'shall be revoked and rescinded and the share of such beneficiary shall go pro rata to the remaining beneficiaries' ").

[3] As the result of previous litigation resulting in a court-ordered settlement of Turner's estate, Cox has already been granted 49% of the estate despite the will's bequest of only 25%. See *Fowler v. Cox*, 264 Ga. App. at 880.

[4] See Mary F. Radford & F. Skip Sugarman, Georgia's New Probate Code, 13 Ga. St. U. L. Rev. 605, 702 (1997).

direction for the distribution of forfeited property. The more expansive language of OCGA § 53-4-68 (b) is better read to clarify, for example, that the term "person" in former OCGA § 53-2-107 included more than natural persons. As one commentator states, the new provision "clarifies that an in terrorem clause would be enforceable if, for example, the will provided a gift over to charity."[5]

For these reasons, the majority is incorrect that an alternative bequest to the residuary, when the residuary is then directed back to the forfeiting party, is sufficient to satisfy OCGA § 53-4-68 (b), and therefore the in terrorem clause in Turner's will is void.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 30, 2005.

*Dyer & Rusbridge, Samuel J. Rusbridge, Caldwell & Watson, Floyd E. Propst III*, for appellant.
*Adam R. Gaslowitz*, for appellee.

