## S05A2094. RAYBURN v. ALLEN.
### (622 SE2d 318)

CARLEY, Justice.

Clyde Allen died in February of 2003, and was survived by his wife, Bonnie Jean Allen (Wife), and by his son from a former marriage, Jason Allen (Son). The three shared a home owned by Mr. Allen but, after his death, both Wife and Son moved out. Mr. Allen's will named Wife as executrix, and directed that she sell the property and divide the proceeds between herself and Son. The will further contained a "Special Request" which provided, in relevant part, that,

> [u]ntil the house and property [are] sold, . . . the monthly payments and all taxes, [are to] be paid in two (2) equal shares by [Wife] and [Son] (if [Son] still resides at the home at and after the time of my death). If [Son] does not reside at the home at or at any time after the time of my death then all monthly payments and taxes shall be paid by [Wife].

After Wife and Son vacated the premises, neither made the payments, and foreclosure proceedings were instituted. Wife then paid the arrearage, and she continued to make payments until the property was sold in April of 2004.

Subsequent to the probate of the will, a dispute arose as to whether Son was obligated for one-half of the pre-sale payments made by Wife after he moved out of the residence. Pursuant to OCGA § 53-7-75, the probate court transferred the case to the superior court for a construction of the will. After conducting a hearing, the superior court concluded that Wife alone was responsible for the payments. She appeals from that order of the superior court.

Wife urges that the "Special Request" is of doubtful meaning and unenforceable as a limitation on a preceding devise of the property. However, it is clear from reading the will, as a whole, that the testator did not intend that title to the property itself pass to her and his Son. Compare *Houston v. Coram*, 215 Ga. 101, 103 (2) (109 SE2d 41) (1959). Instead, he directed that the property be sold and the proceeds divided between them. The "Special Request" is in the nature of a charge on his bequest, requiring that Wife and Son, under certain conditions, make the mortgage and tax payments which became due

prior to the sale and distribution of the proceeds. See *Maynard v. Zellner*, 151 Ga. 72, 79-80 (2) (105 SE 837) (1921). " 'A charge is most often found in cases where the testator has given property to one person with the provision that he pay a certain sum to another person . . . .' [Cit.]" *Broach v. Hester*, 217 Ga. 59, 61 (121 SE2d 111) (1961). Compare *Cox v. Fowler*, 279 Ga. 501 (614 SE2d 59) (2005) (in terrorem clause).

Wife further urges that the superior court misconstrued the "Special Request," and that Son's obligation to share equal responsibility for the payments was established by his residence at the house on the date the testator died. However, the provision clearly specifies that, if Son "does not reside at the home at *or any time after* the time of my death[,] then *all* monthly payments and taxes *shall* be paid by [Wife]." (Emphasis supplied.) According to the unambiguous import of this language, Son's obligation to make the payments is not unconditionally predicated on his place of residence at the time his father died. Instead, the "Special Request" imposes a mandatory duty on Wife to assume full financial responsibility for such sums in the event that Son vacated the premises.

This is consistent with the overall testamentary plan. Since Wife, in her capacity as executrix, controlled the timing of the sale, she would have little, if any, incentive to consummate that transaction if she was authorized to remain the sole occupant of the house while incurring only one-half of the expenses. Thus, the "Special Request" placed financial responsibility on both Wife and Son as long as they shared the residence, but required her to make the payments if and when Son moved out.

"The cardinal rule of construction in any will case is to strive to ascertain the intention of the testator. [Cit.] If possible, the testator's intention should be gleaned from the four corners of the will itself. [Cits.]" *Reynolds v. Harrison*, 278 Ga. 495, 497 (1) (604 SE2d 184) (2004). The superior court correctly construed Mr. Allen's will and concluded that, when Son moved after his father's death, the pre-sale payments were assessable against Wife.

*Judgment affirmed. All the Justices concur, except Melton, J., who concurs in judgment only.*

DECIDED NOVEMBER 21, 2005.

*Moulton & Tarrer, John W. Moulton*, for appellant.
*Alexander, Royston, Hardman & Shinall, R. Phillip Shinall III*, for appellee.